## HANCOCK & CO. v. HINTRAGER ET AL.

1. **Partnership:** WHO HELD AS PARTNER. Where H., one of the defendants, in purchasing of the plaintiffs goods for the firm of S. & Co., so conducted himself as to justify the plaintiffs in believing that he was one of that firm, *held*, in an action against H. & S., as partners, for the price of the goods, that whatever were the rights of the defendants as between themselves, their relation to the plaintiffs was that of partners, and that H. was liable as a partner.

2. ———: NAME OF FIRM: PLEADING. In such case, where it appeared that, at the instance of H., the goods were charged to S. & Co., and not to H. & S., it was not necessary to plead that fact in order to recover against H. & S. severally as partners.

3. **Evidence:** BOOKS OF ACCOUNT: COMPETENCY OF. A mere memorandum book upon which orders for goods are entered before they are delivered, and from which charges are entered up upon a permanent account book after the delivery of the goods, is not admissible in evidence. But the admission of a copy of such memorandum book, on the ground that the original had been lost, cannot be regarded as prejudicial error, where it appears that the account book, which was proper evidence, was also introduced, and it does not appear that the copy differed in any respect from the account book.

4. **Partnership:** EVIDENCE: PLEADING. Where defendant was sued as a partner, it was competent to prove that he had held himself out to the public as a partner, without alleging that fact in the petition.

*Appeal from Dubuque Circuit Court.*

TUESDAY, JANUARY 16.

THIS is an action upon an account for goods alleged to have been sold to the defendants as partners. Judgment was demanded against the defendants severally. There was a trial to the court without a jury and judgment was rendered against the defendant Hintrager, and he appeals.

*S. M. Pollock* and *Robinson & Powers*, for appellant.

*Fouke & Lyon*, for appellees.

ROTHROCK, J.—I. The principal point in controversy was the question whether or not Hintrager was liable as a partner of Sumbardo, at the time the goods for which the action was brought were purchased. We think that the evidence fully warranted the court in finding that, whatever were the rights of the respective defendants between themselves, their relation to the plaintiffs was that of partners. It appears in evidence that Hintrager personally ordered some of the goods which were purchased, and that he accompanied the order with a statement that he would be responsible for their payment. It further appears, that the account was opened and credit given upon the faith of these representations.

1. PARTNER-SHIP: who held as partner.

It appears that, previous to the time it is alleged a partnership was formed between the defendants, there had been a partnership, at the same place and in the same business, carried on by Sumbardo and one Harper, under the name of C. L. Sumbardo & Co. The account in controversy appeared upon the books of the plaintiffs as charges against the last named firm.

It is claimed by counsel for appellant that, as the defendants contracted in a name other than their own names or firm style, it was necessary to so allege in the petition, and that in the absence of such an aver-

2. ——: name of firm: pleading.

ment no recovery can be had upon an account against the old firm. But the court was warranted in finding from the evidence that the account was thus kept at the instance of the defendant Hintrager. The real question was whether or not Hintrager was liable as a partner. The alleged partnership was the ultimate fact, and it was all that was necessary to be pleaded. The fact that the goods were not charged upon the books to Hintrager & Sumbardo was at the most but a circumstance tending to show that no contract was made with that firm.

II. The plaintiff in making these sales kept what is called a "town book," upon which orders were taken for the delivery of goods to purchasers. These orders 3. EVIDENCE: were transferred to the sales book and then to the books of account: competency. ledger. It appears that what was called the town book, upon which memorandums were entered as purchases were made by customers, had been lost and could not be produced upon the trial. A copy of the defendants' account had been made therefrom which the court permitted to be introduced in evidence over the appellants' objection.

It is urged, *first*, that a copy of an account book cannot, under any circumstances, be introduced in evidence, and, *second*, that the "town book" if produced could not have been received because it was not an account book, but a mere memorandum book to take the orders before the goods were delivered. Without determining whether a copy of a book of account can be introduced in evidence upon a showing that the original cannot be produced, we think the last objection is well taken. We do not think the memorandum or order book was an original book of accounts as between these parties. If there were no other books kept by the plaintiffs it is possible that the town book might be received in evidence. This question we are not required to determine, because it appears that the town book was used as a mere memorandum book from which to enter up the charges against parties in what is called the sales book. As we

understand the record, this last named book was the book which contained "charges by one party against the other, made in the ordinary course of business," and kept in permanent form, and which, under section 3658 of the Code, is receivable in evidence under the restrictions therein contained. The sales book was introduced in evidence for the purpose of proving the account, and, for ought that appears, it contained the account as claimed by the plaintiffs. If it differed in any respect from the copy from the town book, that fact would surely have been made to appear by appellant. In the absence of any proof upon the part of the defendants, tending to impeach the sale book, we think there is no prejudice arising from the introduction of the copy objected to by appellant.

III. It appears in evidence that, after the account had been running for some time, Hintrager notified the plaintiffs that he would not be responsible for any more goods sold on account of the firm. After this notice certain goods were sold and payments made. Appellant contends that he should not be charged with the goods sold after the notice, but that he should be credited with the payments afterwards made. But we think the court was justified in finding from the evidence that the goods sold after the notice were not sold upon credit, and that the payments made were cash payments for those goods.

IV. The defendant objected to evidence to the effect that Hintrager held himself out to the public as a partner. The objection is based upon the fact that there was no such allegation in the petition. This was not necessary. Appellant was sued as a partner, and any evidence which tended to show that he was liable to the plaintiffs as a partner was competent. It is neither proper nor permissible to plead evidence.

4. PARTNERSHIP: evidence: pleading.

V. The foregoing discussion disposes of all questions in the case, excepting such as are determined in the case of *Poole, Gillam & Co. v. Hintrager*, decided at the present term,

See *ante*, 180. The cases are in some respects alike. That case was first tried, and the evidence therein was introduced upon the trial of this case.

We find no error in the record.

AFFIRMED.