JAFFRAY & CO. v. THOMPSON.

1. **Appeal to Supreme Court:** FROM ORDER OF CONTINUANCE. An appeal does not lie from an order of continuance, it not being a final order.

2. **Evidence:** RECORD OF MORTGAGE. The record of a mortgage is but secondary evidence of its contents, and is not admissible, unless a sufficient reason is given for the non-production of the original writing.

3. ———: IMPROPERLY ADMITTED ON TRIAL OF LAW CASE TO COURT: REVERSIBLE ERROR ON APPEAL. Where improper evidence is admitted in the trial of an action at law, though the trial be to the court, it must on appeal be deemed to be error, unless the record shows affirmatively that it was afterwards discarded.

4. ———: ERROR IN ADMITTING: NO PREJUDICE—NO REVERSAL. The admission of improper testimony on a point sufficiently established by other proper testimony can work no prejudice, and is no ground for reversal.

5. ———: SECONDARY: ADMISSION OF WITHOUT OBJECTION: EFFECT OF. Secondary evidence admitted without objection becomes, in effect, primary evidence.

6. **Chattel Mortgage:** POSSESSION UNDER: NOTICE TO ATTACHING CREDITORS: EVIDENCE. Possession of property under an unrecorded chattel mortgage is notice to subsequent attaching creditors of the mortgagee's interest; and the evidence of such possession in this case (see opinion) was sufficient to sustain the finding of the court.

*Appeal from O'Brien Circuit Court.*

TUESDAY, DECEMBER 9.

ACTION IN REPLEVIN. The property in question consisted of a stock of agricultural implements kept for trade by the firm of Teabout & Valleau, who were doing business as merchants in the town of Sanborn, O'Brien county. On the twenty-ninth day of April, 1881, the defendant, Thompson, as a creditor of Teabout & Valleau, caused a writ of attachment to be levied upon the stock. The plaintiffs aver that, at the time of such levy, they were creditors of Teabout & Valleau, and held a mortgage upon the stock. There was a trial without a jury, and judgment was rendered for the plaintiffs. The defendant appeals.

*H. C. Hemenway*, for appellant.

*Barrett & Bullis* and *J. H. Swan*, for appellees.

ADAMS, J.—The defendant's position is that there is no proper evidence that the plaintiffs had any mortgage upon the stock at the time of the levy, and, even if they had, that evidence shows that the levy was made without notice to defendant of the mortgage. It is certain that the plaintiffs had no mortgage of record at the time of levy, but they claim that the evidence shows that they had a mortgage, and were in possession under it, and, what is more, that the officer who made the levy was expressly notified that they had such mortgage before he made the levy.

I. The first error assigned pertains to a ruling of the court upon a motion for a continuance. The motion was

1. APPEAL to supreme court from order of continuance.

based upon the absence of an alleged material witness, Mr. C. Wellington, who, it was alleged, took the mortgage as attorney of the plaintiffs. The motion was accompanied by an affidavit of Mr. Wellington himself. The court ruled that under the showing the plaintiffs were entitled to a continuance. Thereupon, to avoid a continuance, the defendant admitted that Mr. Wellington, if present, would testify as stated in his affidavit. Under such admission the parties went to trial. The defend-

Jaffray & Co. v. Thompson.

ant now insists that the showing made for a continuance was insufficient, and that the court erred in putting him to his election to suffer a continuance or make the admission above set out. But, in our opinion, we could not reverse, if we should be satisfied that the showing for a continuance was insufficient. An appeal does not, we think, lie from an order of continuance. It is a mere intermediate order, not materially affecting the final decision. Besides, there was no continuance. The defendant elected not to suffer a continuance. In no view do we think that he has now a ground of appeal.

II. The mortgage was not introduced in evidence. The plaintiff relied upon secondary evidence, consisting of the testimony of witnesses. We think that they also relied upon the record of the mortgage. The defendant objected to the introduction of the record on the ground that it was secondary evidence, and that the proper foundation had not been laid for it by showing a sufficient reason for the non-production of the mortgage itself. The court, however, admitted the record, and the defendant assigns the admission as error. If it had been important to show that the mortgage had been recorded, the record would, of course, have been the proper evidence of such fact. But the record was made after the levy, and the only object in introducing the record must have been to prove the contents of the mortgage. For such purpose it was clearly inadmissible, unless a sufficient reason had been given for the non-production of the mortgage itself; and we have to say that we do not think that such reason had been given.

*2. EVIDENCE: record of mortgage.*

In passing it may not be improper that we should advert to certain language of the court set out in the abstract, and said to have been used by it as expressive of its view upon the question of the admission of this record. It is shown that the court admitted it because the case was being tried without a jury, and the court was fully at liberty to disregard it, if in the further consideration of the case it should appear

*3. ——: improperly admitted on trial of law case to court: reversible error on appeal.*

that the evidence was not proper. But it is manifest that where, in an action of law, improper evidence is admitted, the error cannot be deemed to have been eliminated unless the record shows that the evidence was afterward discarded. In an action at law the finding of the court upon a question of fact has the force of a verdict of a jury. The rule is that, however much inclined the appellate court might be to think that the finding should have been otherwise, it is not justified in disturbing the finding, unless it is so wanting in support as to evince passion or prejudice, and preclude the idea that it was the court's actual judgment. But clearly it would be improper to give such force to the finding in a case where it is seen that it may have been based upon improper evidence. Where, then, improper evidence is admitted in the trial of an action at law, though the trial be to the court, it must be deemed to be an error, unless the record shows affirmatively that it was afterwards discarded. *Johnson v. Harder*, 45 Iowa, 680. In the case at bar it is not claimed that the record so shows.

But, notwithstanding the error, we cannot reverse, if it appears affirmatively that the defendant could not have been

4. ——: error in admitting: no prejudice —no reversal.

prejudiced; as, for instance, if all that the record of the mortgage purported to show was shown by other undisputed evidence. The plaintiffs, in their petition, declared upon a mortgage as executed upon the property in question by Teabout & Valleau, on the fifth day of April, 1881. The record purported to show a mortgage identical with that declared on. But other undisputed evidence, it appears to us, showed substantially the same thing. Mr. Wellington stated in his affidavit, admitted in evidence, that, as attorney for the plaintiffs, he, on the fifth day of April, 1881, took a mortgage executed to the plaintiffs by Teabout & Valleau, upon " all the personal property named in the petition." One of the firm of Teabout & Valleau testified, in substance, that about that time the firm executed a chattel mortgage to the plaintiffs, which mortgage was

drawn by Wellington, and that afterwards one Adams came, as agent of the plaintiffs, and took possession of the stock in question for them under the mortgage. This evidence the defendant did not attempt to rebut, and, if competent, we think it showed, beyond controversy, the execution of the mortgage, and what property it covered. It is insisted, how-ever, that the evidence was not competent, be-cause secondary, and that the proper foundation had not been laid for it. But it does not appear to have been objected to upon that ground, and in the absence of such objection, secondary evidence becomes in effect primary evidence. *Moore v. McKinley*, 60 Iowa, 374.

5. ——: sec-ondary: ad-mission of without ob-jection: effect of.

III. It is said, however, that there is no sufficient evi-dence that the defendant had notice of the mortgage. But we think that there was evidence tending to show that the plaintiffs at the time of the levy had possession. One Adams came from Decorah, ostensibly for the plaintiff, and took possession, and placed one White in charge. As to the authority of Adams, the witness, Teabout, testified as follows: "*Question.* After the making of this mortgage, what did you do in rela-tion to turning the property over to E. S. Jaffray & Co.? *Answer.* He (evidently meaning E. S. Jaffray & Co.) sent an agent here. We turned over the wigwam (the building containing the property) to him. *Q.* Who was the agent? *A.* I think it was Mr. Adams." The defendant insists that it does not appear that Teabout knew that the plaintiffs sent Adams. But he assumed in his testimony that he knew it, and it is not for us to say that he did not.

6. CHATTEL mortgage: possession under: notice to attaching creditors: evidence.

It is understood that Adams, after having taken possession, put White in charge, and we think that the evidence shows that White remained in charge until the levy. It is true, the evidence shows that White had been formerly in Teabout & Valleau's employ, and it is insisted that there was no apparent change of possession. But we think that there was evidence upon which the court below might have found that

there was.    There-was certainly a transfer of possession to Adams, and there was evidence tending to show that before White was placed in charge he had ceased to be employed by Teabout & Valleau.

We think that the judgment must be

AFFIRMED.