# Brace, Appellant, *v.* Kirby.

*Negligence—Stairway in department store—Evidence—Province of court and jury.*

1. In an action by a woman against the proprietors of a department store to recover damages for personal injuries caused by a fall on a stairway in the store, there is no case for the jury, where the only evidence offered by plaintiff as to the alleged negligence of the defendants was the testimony of one man who stated that owing to a similar accident to his wife he had carefully watched the stairway in question, and that three months prior to the accident he noticed that the metal plate on the particular step on which plaintiff fell, was raised about one-sixteenth of an inch; that shortly before the accident it was raised about a quarter of an inch, and that it was "hardly noticeable," and this testimony is not supported by any statement of the witness that he had attempted by measurement to verify the opinion which he offered.

2. The general rule is that a man is answerable for those consequences of a fault which are natural and probable, and might therefore be foreseen by ordinary forecast, but an individual is not presumed to contemplate the coincidence of events having no probable or natural connection in the mind, and which cannot by ordinary thoughtfulness be foreseen as likely to happen in consequence of the act in which he is engaged.


Argued March 7, 1910. Appeal, No. 8, March T., 1910, by plaintiffs, from judgment of C. P. Luzerne Co., Oct. T., 1906, No. 348, for defendants non obstante veredicto in case of Barbara Brace, by her next friend and father, Martin Brace, and said Martin Brace, each in her and his own right, v. F. M. Kirby & F. J. Weckesser, partners, doing business under the firm name of F. M. Kirby & Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FULLER, J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict in favor of the plaintiffs. The court on motion entered judgment for defendants non obstante veredicto.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*Chas. M. Bowman*, with him *B. R. Jones*, for appellants.—The case was for the jury: Bloomer v. Snellenburg, 221 Pa. 25; Polenske v. Lit Bros., 18 Pa. Superior Ct. 474; Smith v. Jackson Twp., 26 Pa. Superior Ct. 234; Kitler v. Ry. Co., 27 Pa. Superior Ct. 602; Delvin v. Beacon Light Co., 198 Pa. 583; Boggs v. Ry. Co., 216 Pa. 314; Lamb v. Phila., etc., Ry. Co., 217 Pa. 564; Sturtz v. R. R. Co., 225 Pa. 249; O'Donovan v. Philadelphia Company, 223 Pa. 234.

*W. J. Trembath*, with him *F. J. Wheaton*, for appellees, cited: Huey v. Gahlenbech, 121 Pa. 238; Reese v. Clark, 146 Pa. 465; Green v. R. R. Co., 214 Pa. 240; Burns v. Bradford, 137 Pa. 361; Kelchner v. Nanticoke Boro., 209 Pa. 412.

OPINION BY HEAD, J., July 20, 1910:

While descending the stairway which connected the first and second floors of the department store conducted by the defendants in the city of Wilkes-Barre the plaintiff suffered a fall. She alleges that this fall and its consequent injuries resulted from the negligence of the defendants. The burden was upon her, therefore, to show by testimony some negligent act or omission on the part of the defendants which was the proximate cause of her injury.

That a woman, dressed and shod in the customary manner of females in these modern days, should suffer a fall while descending a stairway is unfortunately not such a rare occurrence that in and of itself it should raise any presumption of negligence on the part of the proprietor of the stairway. In other words, there is no room in this

case for the application of the doctrine res ipsa loquitur. The plaintiff testifies that the accident occurred when she stepped on the third step of the stairway beginning at the top. Although she was presumably herself exercising all the care that an ordinarily prudent woman would, she saw no obstruction whatever on the step and was unable to testify what caused her fall. The witnesses who saw the accident were not called by her, but afterwards testified favorably to the defendants. Her case, as she presented it, necessarily depended on the testimony of one Walsh who was not present at the time she fell.

The attitude of the witness Walsh to this case was somewhat unusual. He testifies that some six months preceding the time of the plaintiff's injury his wife suffered a fall on the top or first step of the same stairway. The cause of her fall or the conditions attending it were, of course, matters foreign to the inquiry in the present case and the record discloses nothing concerning them. The witness, however, who was a member of the bar, declared that during the months following his wife's injury he frequently visited the defendants' store and kept up a careful inspection of this stairway. He testifies that in April, preceding the plaintiff's accident in June, he first noticed the plate on the third step, being the one on which the plaintiff fell. He says, "When I first saw it, it might have been raised in the neighborhood of about, well, may be one sixteenth of an inch. You could just notice that it was raised."

It appears that these steps were covered with metal strips, as is customary on stairways in public buildings. These plates were held in place by a number of screws. The metal strip, having been laid down on the tread of the wooden step, of course projected above it to the extent of its own thickness. Now the witness does not pretend at any time to have made any measurement whatever to verify the accuracy of the guess or opinion so cautiously hazarded in the language we have quoted. He further says that in June, shortly before the plaintiff's accident,

he again observed this plate, and being asked as to its condition then answered: "Well, I should judge be [it was] raised about a quarter of an inch." At another place in his testimony, in answer to a similar question: "Well, I think that it give probably a quarter of an inch." He further undertook to say that the head of one screw in the plate projected very slightly above the surface of the plate. When asked how far it projected, he answered, "Oh, not very far. It was hardly noticeable."

Stripped of all irrelevant matter, this seems to be about the gist of the testimony offered by the plaintiff upon which the jury was asked to predicate the conclusion that the defendant had been guilty of negligence in permitting the plate on this particular step to become loosened and raised, and that this negligence was the proximate cause of the plaintiff's injury.

It is not alleged that the defendants were in any fault in the construction of the stairway or in the use of the metal plates covering its steps. It is not alleged that any notice was ever given to the proprietors of the store, or any of their servants, that one of these plates had become loosened. The plaintiff's case then must rest on the theory that reasonably frequent inspections, conducted with ordinary prudence and care, would have revealed that this particular plate had become dangerous, and the necessary repairs would thus have been made. So far as this record shows, no other person save one, the witness Walsh, had observed even the minute defect in this plate which he describes. His judgment that it had become raised, even to the extent of the small fractional part of an inch, to which he testifies, was not the result of any measurement, but simply of the impression produced by his view of that step from some point which he does not locate.

It is incredible that he could have regarded this very slight raising of the metal plate, which he thought he observed, as pregnant with any danger to the hundreds of people who must have daily descended that stairway.

Otherwise, the commonest impulse of humanity would have led him to bring it to the notice of those who could have repaired it. His failure to do so can only be fairly ascribed to the fact that, as he himself says, "you could just notice it," or "it was hardly noticeable." We do not think the plaintiff in this case, whilst descending the stairway, was in a position similar to that of the plaintiff in Bloomer v. Snellenberg, 221 Pa. 25, or in Polenske v. Lit Brothers, 18 Pa. Superior Ct. 474. Nor did the law impose upon these defendants as careful a scrutiny of its stairway as it was probably subjected to while being so closely watched by the witness for purposes of his own. The measure of their duty was such inspection of their stairway as persons of reasonable and ordinary care and prudence would give.

Taking the testimony as a whole we agree in the conclusion reached by the learned judge below that the plaintiff failed to show a negligent act on the part of the defendants which was the proximate cause of her injury. On this question the law has been frequently declared by the courts. In Fairbanks v. Kerr, 70 Pa. 86, Justice AGNEW used the following language: "It was said in Morrison v. Davis & Co., 20 Pa. 171, the general rule is, that a man is answerable for the consequences of a fault only so far as the same are natural and proximate, and as may, on this account, be foreseen by ordinary forecast, and not for those which arise from a conjunction of his fault with other circumstances that are of an extraordinary nature." So in Bannon v. Penna. R. R. Co., 29 Pa. Superior Ct. 231, it was said by our Brother ORLADY: "The general rule is that a man is answerable for those consequences of a fault which are natural and probable, and might therefore be foreseen by ordinary forecast, but an individual is not presumed to contemplate the coincidence of events having no probable or natural connection in the mind, and which cannot by ordinary thoughtfulness be foreseen as likely to happen in consequence of the act in which he is engaged."

The defendants were not insurers. Whilst we have learned to ward off and prevent injuries to life and limb from many causes that formerly threatened them, it is hardly to be doubted that the requirements of modern civilization, especially in crowded cities, have introduced others perhaps no less dangerous. Painful and regrettable accidents will still occur, for the consequences of which human law affords no remedy. Keeping within the well-defined limits of the law which determine that legal responsibility for a physical injury exists, only when that injury naturally and probably follows some failure, on the part of the defendant, to observe that degree of care which is characteristic of ordinarily prudent persons; we are of the opinion the evidence falls short of planting the plaintiff's case within those limits.

The learned trial judge, in entering judgment for the defendant n. o. v., points out the extreme physical improbability of this accident having happened in accordance with the plaintiff's theory of the case. Even if we agree that such a consideration was for the jury rather than the trial judge, we must still hold that the testimony of the plaintiff fails to disclose any sufficient foundation for the conclusion that the defendants were responsible for the injury she unfortunately suffered.

Judgment affirmed.