ROY DECKER, JR., ET AL., PLAINTIFFS-RESPONDENTS, v. CONSOLIDATED FEED, COAL AND LUMBER CO., DEFENDANT-APPELLANT; ANDREW T. MORRIS, DEFENDANT.

Submitted October 31, 1947—Decided May 13, 1948.

For the defendant-appellant, *Evans, Hand & Evans.*

For the plaintiffs-respondents, *David Cohn.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court entered after a trial at the Passaic Circuit on the verdict of a jury, in favor of the plaintiffs against the defendant-appellant, Consolidated Feed, Coal & Lumber Co., and also against a former employee of the appellant, one Andrew T. Morris, who does not appeal. The suit grew out of a collision between a truck owned by the appellant, and driven by Morris, and a car of the plaintiff Rudolph Pospisil, in which the other plaintiffs were passengers, on December 18th, 1944, in Sussex County, New Jersey. The question of negligence was not in dispute at the trial and is not concerned on this appeal, the sole question being as to the agency of Morris for the appellant at the time of the accident and the liability of appellant for the conduct of Morris.

Morris was employed as a laborer at the place of business of the appellant in Sussex. He had no license to operate a motor vehicle and in fact at the time of the accident was not old enough to be licensed, being then only 16 years of age. Morris was called as a witness for the plaintiff and testified that on the day of the accident he took the truck to go to his grandmother's house for lunch, after having told Harry Edsall, vice-president and manager of appellant, of his intention to do so. Edsall testified that Morris was not authorized to drive any of the company trucks and that as far as he

knew he had never done so. Morris on direct examination said that at the time of the accident he was not making any delivery of goods for the defendant-appellant. On re-direct examination the court permitted him to be examined on the contents of a statement in writing he gave to a lawyer investigating the accident shortly after it occurred. This was objected to and is the subject-matter of point two of appellant's brief.

At the trial testimony was permitted to be given by several witnesses concerning statements alleged to have been made by Edsall, manager of appellant, shortly after the accident, which statements are relied upon to establish the agency of Morris. A typical question and answer are contained in the testimony of the plaintiff DePauw, as follows: "*Q.* What did he say? [Meaning Edsall.] *A.* And he said that he had just sent him [Morris] out on some business of some sort for the company and told him to take the truck and be careful." This was denied by Edsall.

The question raised by the first point is whether or not this alleged statement is binding upon the defendant-appellant, the employer of Morris and Edsall, and is admissible in evidence to establish the alleged agency of Morris. The rule of the decisions is that all statements made in the conduct of the business of the principal are admissible. That they relate to the business of the agency is not sufficient, and narrations of past events and casual conversations are excluded. *Ashmore* v. *Pennsylvania Steam Towing and Transportation Co.,* 38 *N. J. L.* 13; *Van Genderen* v. *Paterson Wimsett Thrift Co.,* 128 *Id.* 41.

The question is whether the statements alleged to have been made by Edsall to the plaintiffs when they went to appellant's office to report the accident, and later to the lawyer when he inquired about the accident, were made in the course of Edsall's agency or were mere relations of past events. The case is similar to *Safner* v. *Gollin et al.,* 96 *N. J. L.* 431; *affirmed,* 97 *Id.* 576. There Max Gollin asked Harry Gollin to deliver some material, Max being the agent of Bayonne Hardware Company. Harry got in a car of Irving Gollin, treasurer of the company, and in making the delivery had an accident. There was testimony of a subsequent conversa-

tion with Irving Gollin, treasurer of the company, in which he admitted sending the boy in his car on the business of the company. It was held that such testimony was not admissible as the statement testified to was not made in the performance of Irving Gollin's duties as treasurer.

Plaintiffs rely upon *Arenson* v. *Skouras Theatres Corp.*, 131 *N. J. L.* 303, but there the situation was different. The evidence there was of what the witness overheard the theatre manager say to a subordinate employee and what the employee replied in the course of investigating the accident to plaintiff and the condition of the seat which caused it. So, there the statements were clearly in the exercise of the manager's agency and not narrations of past events. We are of the opinion that the evidence of the alleged statements of Edsall was inadmissible to establish the agency of Morris. The trial judge admitted it as a statement of fact, as opposed to an admission against the corporation's interest, but even so the cases hold the statement must be made in the course of the business entrusted to the one making it and within the scope of his authority.

The point having to do with the use of a prior written statement of Morris during his examination as a witness need not be dealt with at length. Such a prior statement would not be admissible against the corporate defendant to· prove the agency of the witness, but it is doubtful if the portions of the statement read went so far as to be harmful in that regard.

We see no merit in the contention of the respondents that the assignment of the reasons on the rule to show cause allowed and discharged that the verdicts were against the weight of the evidence and contrary to the charge of the court amounts to a bar to arguing exceptions to the admission of evidence on appeal.

The judgment is reversed, and a *venire de novo* awarded.

*For affirmance*—HEHER, EASTWOOD, WELLS, DILL, FREUND, SCHETTINO, JJ. 6.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, COLIE, WACHENFELD, BURLING, MCLEAN, JJ. 8.