HANNAH VOLLMAR, appellee, v. J. C. PENNEY COMPANY, appellant.

No. 49969.

(Reported in 103 N.W.2d 715)

June 14, 1960.

Harper, Gleysteen & Nelson, of Sioux City, for appellant.

Burton Dull, of Le Mars, and Marvin J. Klass, of Sioux City, for appellee.

Hays, J.—Law action for injuries plaintiff sustained in a fall while in defendant's place of business. The petition alleges she was in the store to make some purchases. As she was returning to the main floor from the balcony by way of series of steps and was on the second from the last step from the main floor, the heel on her right shoe caught against the molding on the step causing her to suddenly twist and fall forward, resulting in the injuries complained of. It alleges that the defendant was negligent (a) In failing to keep said molding tightly fastened to the step; (b) in maintaining steps with molding which protruded over the level of the step to such an extent that it created a hazard to people using the same; and, by a later amendment, (c) in that the molding was permitted to become loose and that the defendant knew or in the exercise of reasonable care should have known of the condition. The jury returned a verdict for the plaintiff and the defendant appeals.

Defendant assigns two errors: 1. In overruling its motion for a directed verdict at the close of plaintiff's testimony and

at the close of all of the testimony. 2. In overruling its motion for a judgment notwithstanding the verdict or for a new trial. It is in effect conceded by the defendant that plaintiff has the status of an invitee; that she fell on a stairstep while in the store; and, that she was injured thereby. The crux of the appeal rests upon two propositions: Sufficiency of the evidence as to existence of a hidden defect, and, of the evidence relative to knowledge of the defendant as to the existence of the same.

 I. The duty and responsibility of an owner of a place of business, in regard to the condition thereof as it pertains to invitees, has been before this court many times and the law is well settled in regard thereto. In Chenoweth v. Flynn, 251 Iowa 11, 15, 99 N.W.2d 310, 312, it is said:

"The possessor of real estate is not an insurer of invitees who come upon his property, nor does the mere fact an accident happened, of itself, create liability. His duty is that of reasonable care to keep the property in a reasonably safe condition for the contemplated use. * * * This duty applies only to defects or conditions which are in the nature of dangers, traps, snares, pitfalls, and the like, which are not obvious or known to the invitee but which are or in the exercise of due care should be known to the possessor. It is predicated upon a superior knowledge."

See also Warner v. Hansen, 251 Iowa 685, 102 N.W.2d 140; Anderson v. Younker Brothers, 249 Iowa 923, 89 N.W.2d 858; Atherton v. Hoenig's Grocery, 249 Iowa 50, 86 N.W.2d 252; 65 C. J. S., Negligence, sections 45b and 50; 38 Am. Jur., Negligence, section 131.

 Thus plaintiff assumes the burden of proof as to the existence of the hidden defect, and knowledge upon the part of the defendant. The answer of the defendant denies that a hidden defect or an unsafe condition of the premises existed.

 II. As to the first proposition, i.e., existence of a hidden danger or defect such as to make the premises unsafe—in an examination of the record upon this point, as well as upon the second proposition, it must be viewed in its most favorable light to the plaintiff. Holmes v. Gross, 250 Iowa 238, 93 N.W.2d 714, and cases therein cited.

Defendant, J. C. Penney Company, owns and operates a store in Le Mars, Iowa. It consists of a main floor and a balcony on which is located the business office and a ladies ready-to-wear department. To reach the balcony from the main floor, there are three steps leading to a landing and then another series of steps to the balcony. It is equipped with a handrail. It is the steps from the main floor to the landing that are here involved. These steps were built in 1951. They are covered with linoleum and along the outside edge of the step is a metal molding which curves around the edge of the step and butts up to the linoleum. It is held in place with screws placed at regular intervals along the molding. Plaintiff, a lady 70 years of age, testified that she was a frequent visitor at the store; that she used these steps many times; that at the time in question she was watching the steps, as she descended from the balcony, and that they appeared to be alright. She had never observed anything wrong with them. She simply states "I caught my right heel on the molding of that step, and I twisted, turned my ankle and fell."

Plaintiff's son, a businessman in Le Mars, is the only witness for plaintiff who testified to the condition of the steps. Shortly after his mother sustained her fall he went to the Penney store to find out what happened. He said he observed the steps, particularly the second one which his mother said was the one she fell upon. He observed them from different angles and could not see any irregularity, nor did he find one when he walked upon them. When he got down and examined them with his hands he observed that the molding upon the second step, for a distance of four inches from the outside handrail, was raised toward the end of the step. There was a screw, holding the molding, about five inches from the west end, "It felt rough to me from about an inch from the screw over to the west. To the outside." Also, the following appears in the record during his testimony, "Q. For how large a space was the metal strip not flush with the linoleum? A. There was an area about, I'd say, about four inches. Q. Can you tell us how much of a raise there was on that four-inch part of the metal strip, Mr. Vollmar? A. Well, I would say about, Oh, the thickness of a half dollar."

While there is considerable testimony offered by the defendant to show that no defect existed and that the molding upon all of the steps, including the one in question, was flush with the linoleum, we take plaintiff's testimony at its face value and assume the molding to be in the condition testified to by Mr. Vollmar. We also assume that such a condition made an unsafe condition. That it was hidden is beyond dispute. We therefore assume but do not hold that plaintiff has carried her burden of proof sufficient to generate a jury question as to the existence of a hidden defect.

III. Under the established legal principles, above stated, the defendant, if negligent, would be so not because this molding was defective but because it was hidden and unknown to the plaintiff, and defendant failed to warn her regarding the same. This presupposes that the defendant had knowledge of the defect or by the use of reasonable care should have known thereof. It is plaintiff's burden to show by a preponderance of the evidence that such knowledge existed. There is not one word in the record of plaintiff's evidence that even hints at such a fact as actual knowledge upon the part of the defendant. All are agreed that only by a careful hand examination of the step could the alleged defect be detected. Such is the record at the close of plaintiff's case.

Defendant offers testimony of the store manager and several employees to the effect that they use this stairway many times each day; that three or four times each week these steps are cleaned with a hand vacuum cleaner, which requires close contact with the steps. They all say no such defect was ever found and that they were required to be constantly upon the alert to detect any defects. Assuming, as we do, but only assuming, this situation described by Mr. Vollmar existed, we are not prepared to say that it is incumbent upon a store proprietor to ascertain at his peril the existence of a defect in a stairstep molding, a defect the thickness of a half dollar, and which can only be detected by a careful hand examination of the step. Plaintiff has utterly failed to show that the defendant by the use of reasonable care and caution could or should have discovered the same. To hold a defendant responsible under

such a situation as is revealed by the present record would be to make him an insurer of the safety of invitees upon his property. Such is not the law.

Plaintiff cites the Chenoweth case, supra, as authority for her contention. The Chenoweth case differs from the instant one in the all-important fact that there was direct evidence of similar occurrences, prior to the event in question, which had been directly communicated to the defendant's agent but was ignored. The case is of no aid to plaintiff, as this record is absolutely silent in this respect. Plaintiff also cites an annotation in 61 A. L. R.2d 6, 23, 24, entitled "Debris on floor—Injury", to the effect that where the floor condition is one traceable to the proprietor's own act—that is, a condition created by him or under his authority—or is a condition in connection with which the proprietor is shown to have taken action, no proof of notice is necessary. Such annotation deals only with cases which are concerned with debris which is allowed to remain upon the floor and thus create an unsafe condition. It is not in point. In support of the view we take of the instant case attention is directed to an annotation in 64 A. L. R.2d 398, entitled "Defect in Stairway—Injury" and specifically to the case of Brace v. Kirby, 43 Pa. Super. 389, which deals with the question of a reasonable inspection of the premises by the proprietor of a store, found at page 439 of said annotation.

It is our holding that, even assuming there existed a hidden defect such as to make the premises unsafe, there is a total lack of evidence of knowledge thereof upon the part of the defendant, or, that by the exercise of due care such knowledge would have been acquired. The trial court erred in not sustaining defendant's motion for a directed verdict at the close of all of the testimony and in not sustaining defendant's motion for a judgment notwithstanding the verdict. The judgment is reversed and remanded for a judgment in accord herewith.— Reversed and remanded with directions.

All JUSTICES concur except BLISS, J., who takes no part, and OLIVER, J., not sitting.