Auzie Z. Robinson, appellee, v. Fort Dodge Limestone Company, a corporation, appellant.

## No. 50071.

(Reported in 106 N.W.2d 579)

DECEMBER 13, 1960.

Alan Loth, of Fort Dodge, for appellant.

Mitchell, Mitchell & Murray, of Fort Dodge, for appellee.

THORNTON, J.—Plaintiff brings this law action for injuries to his right leg suffered while he was on defendant's premises. Plaintiff is a trucker. At the time of the accident, May 4, 1957, he operated four trucks. Defendant is a corporation. It quarries limestone and stores it in piles on its premises. On the day of the injury defendant called plaintiff to haul a load of limestone to be used for a driveway. Plaintiff drove to defendant's premises and was directed to look up Lawrence Underberg, the man with the scoopmobile. Plaintiff did this. Underberg told him where to park and he would load his truck. Plaintiff parked his truck with the back end about 15 feet from the pile of limestone. Underberg operated the loader east of plaintiff's truck. The pile of limestone from which the load was to be taken had been there for two years. Originally it was ten times its present size in area. The remaining pile contained about 250 tons of limestone. In loading plaintiff's truck Underberg ran the scoop of the loader into the base of the pile. The scoop was raised and he would back away from the pile and move alongside plaintiff's truck and drop the limestone into the truck box. When Underberg took either the second or third scoopful he noticed a couple of chunks about the size of a man's head lying in the scoop. He called plaintiff to remove the chunks. The scoopmobile was standing still with the scoop about six to ten feet from the pile. Plaintiff walked from beside his truck to the scoop and pushed the chunks off, at that time the pile started to slide, Underberg called to plaintiff, and he was struck by the limestone, all in the same moment. Plaintiff's leg was crushed between the metal scoop and the limestone and broken. On the trial the jury returned a verdict for plaintiff of $35,000.

Defendant appeals urging thirty-three errors separated into ten divisions for argument. Defendant's complaints can be broken down to four basic ones, reception and rejection of evidence, erroneous instructions and failure to instruct, failure of the trial court to direct a verdict and withdraw specifications of negligence from the consideration of the jury, and the verdict is excessive.

I. We will first discuss the failure to direct a verdict. It is defendant's contention each of the four specifications of neg-

ligence submitted to the jury was not supported by the evidence. This requires a review of plaintiff's cause of action and the evidence to support it. Plaintiff is an independent contractor, an invitee, called by defendant to haul a load of limestone to one of defendant's customers. It is plaintiff's contention he was injured by frozen limestone sliding down the pile. In his testimony plaintiff says unfrozen, pea-size limestone would not cause the injury. He alleges defendant was negligent (1) in failing to give warning of the dangerous condition of the premises and also (2) in not warning plaintiff of the danger that existed, of which defendant knew, or should have known in exercise of reasonable care, and of which plaintiff did not know and could not reasonably have discovered, (3) in endangering the foundation of the pile of limestone by removing an undue amount from the base, and (4) in diverting plaintiff's attention at a point of known danger adjacent to the weakened mound of rock by instructing him to remove unsuitable rocks from defendant's loader immediately adjacent to the pile of limestone.

█ Plaintiff's case requires proof of knowledge, either actual or constructive, on the part of defendant of the frozen condition of the limestone. Plaintiff testified the chunks that struck his leg were hard and frozen. The chunks he pushed off of the loader were hard and cold, they did not fall apart when he took hold of them. One of the chunks might be as big as a man's head. This took place May 4, 1957, if the limestone was then frozen it follows it had been frozen for months, all winter. Defendant's loader, Underberg, testified he had seen frozen limestone in May. He had worked for the limestone company since 1938, the last five or six years he worked as a loader. He was familiar with this particular pile of limestone. A statement made by Underberg showing at least present knowledge of the frozen condition of the limestone was testified to by one of plaintiff's witnesses. This statement is further discussed in Division V. The pile was two years old situated in a depression or valley and surrounded by trees on the south. Mr. Robert R. Welp, the vice-president of defendant, had worked for defendant since 1936 and had been an executive since 1946. He, too, was familiar with this pile. The frozen condition cannot be

determined by observation, it looked the same as moist chunks of limestone, it is necessary to feel of the chunks to determine whether or not it is frozen. The evidence showed defendant's employees only observed this particular pile and had done nothing else to determine whether or not it was frozen.

The foregoing presents a question of fact on whether the pile contained frozen chunks and on whether the defendant knew of this condition. The condition, if it existed at all, had existed for months and at least one of defendant's employees was familiar with frozen limestone as late in the spring as May. The two witnesses for defendant apparently in charge of the pile had a combined experience of over forty years in the business. It can hardly be said as a matter of law they, as employees of defendant, did not know or in the exercise of reasonable care could not have known of the frozen condition. In Stafford v. Gowing, 236 Iowa 171, 173, 18 N.W.2d 156, 157, though defendant there admitted he knew cast-iron chips when chiseled, we said, "* * * There is little doubt that defendant, a plumber of thirty-five years experience, knew of this danger."

Defendant urges for our consideration on the question of knowledge, Vollmar v. J. C. Penney Co., 251 Iowa 1026, 103 N.W.2d 715, wherein we held the evidence of knowledge, either actual or constructive, was insufficient, where the defect was in a stairstep molding, a defect of the thickness of a half dollar and four inches long next to the handrail on the stairs. The defect could only be detected by a careful hand examination of the step. This case does not help defendant. The condition of the frozen limestone could have been determined merely by feeling of the apparently hard portions. Further, defendant here intended at all times to move the limestone with a loader and place it in trucks, as was done here. It is an active situation as in Stafford v. Gowing, supra. See also Cropanese v. Martinez, 35 N. J. Super. 118, 113 A.2d 433, and Partin v. Great Atlantic & Pacific Tea Co., 102 N. H. 62, 149 A.2d 860, 862. It is not passive as in Vollmar v. J. C. Penney Co., supra. Nor is it a condition of recent origin, or of which there is no evidence of the existence of the condition for such time as it could be known in the exercise of reasonable care as in Schafer v. Hotel Martin

Co., 249 Iowa 866, 89 N.W.2d 373, and In re Estate of Howorth, 250 Iowa 752, 94 N.W.2d 779.

The plaintiff also testified he did not know there was frozen limestone in the pile and he did not expect it to be frozen in May.

■ It is the duty of an occupier of land to use reasonable care to have his premises reasonably safe for invitees; if it is not he has the duty to remedy the defect or danger, or to warn the invitee who in the exercise of reasonable care does not know of the defect or danger. Vollmar v. J. C. Penney Co., 251 Iowa 1026, 1028, 103 N.W.2d 715, 716; Denison v. Wiese, 251 Iowa 770, 774, 102 N.W.2d 671, 674; Schafer v. Hotel Martin Co., supra; Atherton v. Hoenig's Grocery, 249 Iowa 50, 86 N.W.2d 252; and Stafford v. Gowing, 236 Iowa 171, 18 N.W.2d 156. In conducting operations on the premises the occupier is bound to use reasonable care not to expose an invitee to unreasonable risk. Stafford v. Gowing, 236 Iowa 171, 177, 18 N.W.2d 156; Webber v. E. K. Larimer Hardware Co., 234 Iowa 1381, 1384, 15 N.W.2d 286, 288; and Partin v. Great Atlantic & Pacific Tea Co., supra.

From the foregoing the submission of the two specifications of negligence relating to failure to warn was proper and sustained by the evidence. Defendant does not contend it did warn plaintiff but that it did not have the duty to warn.

■ II. Specification (3) above has to do with the manner of carrying on the work. It amounts to saying defendant was negligent in removing limestone from the bottom of the pile in such quantities as to cause the frozen limestone at the top to fall or roll down the pile without taking some steps to first remove the frozen part at the top or prevent injury from its falling. Plaintiff testified there was more hanging there after he was injured, and another trucker, plaintiff's son-in-law, testified if it is hanging over they try to knock it down with the loader. This testimony supports the specification of negligence. The jury could properly find the manner in which the limestone was removed from the base of the pile without taking any steps to remove or knock down the top part was negligence and without this the injury would not have occurred. Defendant's argument the amount taken from the base could not be undue because the

parties intended to take a full load from this pile and the load was not yet full is beside the point. The last specification of negligence, (4) above, is directed to instructing plaintiff to remove the chunks from the loader as it was stopped within six to ten feet of the pile. We have seen the evidence was such the jury could properly find part of the limestone was frozen, some chunks were as big as a man's head. Defendant knew or should have known this. Both parties are charged with knowledge the pile might slide at any time. The evidence showed the pile was at least ten feet high. It can hardly be said defendant, knowing of the frozen condition, did not know frozen chunks of limestone sliding or rolling down the side of the pile would be dangerous to anyone within six to ten feet. This would be true at any time. Complaint is made there is no showing any attention of plaintiff was diverted. The specification is clear, "In diverting plaintiff's attention at a point of known danger * * *", i.e., directing plaintiff's attention to pushing the chunks off the loader so close to the pile.

The specifications of negligence were supported by the evidence. Defendant was not entitled to a directed verdict.

■ III. Defendant's complaint concerning Instruction No. 7 is well taken. The instruction, in pertinent part is, (1) "It is the law that the owner or occupant of a premises owes a duty to an invitee to provide him with a reasonably safe place, and his failure to so provide will make him liable. * * *" and (2) "* * * it being presumed that he has a superior knowledge concerning the dangers of the premises to persons going thereon. * * *" (1) above makes defendant an insurer. This is not the law. We have pointed out in Division I it is the duty of the occupier of land to use reasonable care to have his premises reasonably safe for invitees. Vollmar v. J. C. Penney Co., 251 Iowa 1026, 103 N.W.2d 715; Denison v. Wiese, 251 Iowa 770, 102 N.W.2d 671; Schafer v. Hotel Martin Co., 249 Iowa 866, 89 N.W.2d 373; Atherton v. Hoenig's Grocery, 249 Iowa 50, 86 N.W.2d 252; Stafford v. Gowing, 236 Iowa 171, 18 N.W.2d 156; Webber v. E. K. Larimer Hardware Co., 234 Iowa 1381, 15 N.W.2d 286; and Partin v. Great Atlantic & Pacific Tea Co., 102 N. H. 62, 149 A.2d 860.

Plaintiff argues the defect is cured by reading Instruction No. 7 with No. 6 wherein the jury was instructed it was the duty of the defendant to use ordinary care to warn plaintiff of any danger. He argues the two instructions when taken together would refer to the same duty to exercise ordinary care. We do not so read them and can hardly see how the jury could so construe them. Number 6 dealt with the duty to warn and No. 7 with the duty to provide a reasonably safe place. They are not only separated but each deals with different subject matter. Clarke v. Hubbell, 249 Iowa 306, 314, 86 N.W.2d 905, 910.

Part (2) above of Instruction No. 7 is erroneous, the owner or occupier is not presumed to have superior knowledge. The occupier does have the duty to exercise reasonable care to know his own premises. If the circumstances shown in the evidence are such as to show actual knowledge or knowledge could have been obtained in the exercise of reasonable care then the occupier has superior knowledge if the defect, danger or condition is unknown to the invitee in the exercise of reasonable care, and then liability arises. Such knowledge is not presumed but may be inferred from the evidence. Our latest pronouncements are Vollmar v. J. C. Penney Co., and Denison v. Wiese, both supra; and Chenoweth v. Flynn, 251 Iowa 11, 15, 99 N.W.2d 310, 312.

IV. Defendant offered to read in evidence portions of plaintiff's discovery deposition as admissions. The trial court excluded the offer because the plaintiff was in court and had testified and because it was improper impeachment. This was error. There is nothing in rules 140 to 158, both inclusive, Rules of Civil Procedure, dealing with depositions, excluding it. Rule 144(b) provides a deposition of a party may be used for any purpose so far as admissible under the rules of evidence. The Federal Courts admit admissions of a party in a deposition. Whether or not the party is a witness is immaterial. Autrey Brothers, Inc. v. Chichester, 9 Cir., 240 F.2d 498, 500. Federal Civil Rule 26(d)(2) is similar to and the basis for our rule 144(b). Plaintiff contends here the offered testimony does not constitute admissions against interest. This was not urged at

the trial. It is sufficient to say the offered evidence was, if not contradictory, at least inconsistent with plaintiff's testimony at the trial and was directed to the frozen condition of the limestone and plaintiff's then theory of the accident. We said in Barish v. Barish, 190 Iowa 493, 495, 180 N.W. 724, 725, "* * * any admission against interest must be received, if relevant, whether it be found on a transcript or upon a pine shingle." See Wigmore's Code of Evidence, Rule 128, section 980.

V. Plaintiff's son-in-law testified after the injury he came to get plaintiff's truck, he looked up Underberg, the operator of the loader, and Underberg told him frozen chunks fell off the pile and broke Auzie's leg. Defendant objected it was hearsay, not binding on defendant and no authority shown to bind defendant. At the time this statement was made plaintiff had been taken to the hospital and Underberg was working at another pit. Underberg also told the witness where to deliver the load. When the witness testified at the trial there was sufficient evidence to establish Underberg was defendant's employee and apparently in charge of the limestone pile and loading it on trucks. Defendant contends the statement was not admissible because Underberg was not authorized to make it and there is no showing of any authority.

In Friedman v. Forest City, 239 Iowa 112, 126, 127, 30 N.W.2d 752, 759, 760, in holding statements made by a city engineer were not admissible against the city, we pointed out no question of knowledge or notice to the city was involved. Here the question of knowledge of the frozen condition is involved. Knowledge on the part of Underberg is knowledge of defendant. The statement of Underberg was admissible to show his knowledge of the condition of the limestone at or before the time of the injury. Quick v. Benedictine Sisters Hospital Assn., 257 Minn. 470, 102 N.W.2d 36, 48; 2 Restatement Agency 2d, section 289, comment C; and annotation, 141 A. L. R. 704–710. See also McPherrin v. Jennings, 66 Iowa 622, 24 N.W. 242; Whitaker v. Keogh, 144 Neb. 790, 14 N.W.2d 596; Myrick v. Lloyd, 158 Fla. 47, 27 So.2d 615; and Arenson v. Skouras Theatres Corp., 131 N. J. L. 303, 36 A.2d 761.

VI. Our holding is the evidence supports the specifications

of negligence and plaintiff has made a case for the jury. Instruction No. 7 is erroneous as pointed out in Division III. The admissions of plaintiff contained in the discovery deposition were improperly excluded as pointed out in Division IV. The statement attributed to defendant's employee, Underberg, is admissible under the circumstances presented to show knowledge.

Since our holdings in Divisions III and IV require a reversal and remand for another trial it is unnecessary to consider the excessiveness of the verdict.—Reversed and remanded.

All JUSTICES concur.