BALDWIN v. THE ST. LOUIS, KEOKUK & NORTHWESTERN R'Y Co

72 | 45.
89 | 431

1. **Master and Servant:** PERSONAL INJURY: FALLING OF PILE OF LUM-
BER: NEGLIGENCE: QUESTION FOR JURY. Action by plaintiff, an
employe of defendant, for a personal injury sustained by the falling of a
pile of lumber in defendant's yard. Under the issues, plaintiff was
required to prove (1) that the lumber was so negligently piled as to be
dangerous, and that defendant was negligent in allowing it to remain
so piled; and (2) that he was not guilty of any negligence himself
which contributed to the injury. Upon consideration of the evidence,
(see opinion,) *held* that plaintiff had introduced evidence tending to
establish both of these propositions, and was therefore entitled to have
them submitted to the jury; and that the court, after having errone-
ously directed a verdict for the defendant, properly sustained plaintiff's
motion for a new trial.

*Appeal from Lee District Court.*

FRIDAY, JUNE 17.

ACTION for the recovery of damages for a personal injury
sustained by plaintiff while in defendant's employ as a car-
penter. The injury was caused by the falling of a pile of
timbers near which plaintiff was working at the time.
When plaintiff rested his case, the district court directed the
jury to return a verdict for defendant. It afterwards sus-
tained plaintiff's motion for a new trial, and from that order
defendant appeals.

*James H. Anderson* and *H. H. Trimble*, for appellants.

*Gibson Browne*, for appellee.

REED, J.—It is alleged in the petition that the timbers
which fell upon plaintiff, and caused the injury of which he
complains, were so negligently and carelessly piled as to be
dangerous, and that their fall, and the injury, were in conse-
quence of defendant's negligence in permitting them to
remain in that condition. Under the issues, plaintiff was
required to prove (1) that defendant was negligent in the
respect alleged, and that the injury was caused by such neg-

ligence; and (2) that he was not guilty of any negligence himself which contributed to the injury. The only question in the case is whether plaintiff, before resting his case, had introduced any evidence which tended to establish these two propositions. It was proven that plaintiff and another employe were engaged, by direction of the foreman of the party of laborers to which they belonged, in removing a stick of timber from a pile in defendant's yard, and that while so engaged another pile, near the one at which they were at work, and considerably higher than that, fell, and that plaintiff was struck by some of the falling timbers; and there was evidence which tended to prove that there was another pile between that at which they were working and the one which fell, which was higher than the former, but not as high as the latter. The manner in which the timbers were piled was also explained, and there was evidence that the attention of the foreman who was in control of the yard was called to the condition of the piles on two occasions, shortly before the accident, and complaint made to him by a workman that they were dangerous.

Plaintiff testified that he had no knowledge of the condition of the pile which fell, but there was no evidence that he made any examination to ascertain its condition. He, and the other employe who was with him at the time, both testified that they did not disturb it before it fell. We are of the opinion that, upon this state of evidence, plaintiff was entitled to have both questions submitted to the jury.

On a former appeal in the case, we held that, if the charge of the foreman of the yard involved the duty of inspecting the piles of timber in reference to their security against falling upon those employed near them, he was in the performance of such duty as superior, and that if he was negligent in the performance of that duty his employer was responsible for the consequences of such neglect; also that the jury might infer from the circumstances proven that his charge

did involve that duty. *Baldwin v. St. Louis, K. & N. R'y Co.*, 68 Iowa, 37.

The evidence on the question on this trial was not materially different from that given on the former one. We also held on the former appeal that it could not be determined, as matter of law, that plaintiff's failure to inspect the pile which fell, on all sides, in order to ascertain whether it was dangerous before commencing work at the other pile, was such negligence as would preclude a recovery, but that that was a question for the jury. The evidence on that question was not as favorable to plaintiff on this trial as on the former. Still the question was to be determined as a matter of deduction or conclusion from the circumstances proven. Plaintiff was directed by his foreman to go to work at the particular pile at which he was when the accident occurred. If there was another pile between that and the one which fell, that would necessarily, to some extent, obstruct the view of that pile, and it cannot be said, as matter of law, that the defect was patent. The question to be determined was whether, under all of the circumstances, ordinary prudence demanded that he should have made an examination to ascertain its condition before going to work at the other pile, and that question was to be determined upon a consideration of the facts proven. When the question whether a given act was negligent is to be determined as a matter of deduction from a number of circumstances, upon which different minds might fairly arrive at a different conclusion, the parties have the right to have it passed upon by the jury. *Whitsett v. Chicago, R. I. & P. R'y Co.*, 67 Iowa, 150. We think, therefore, that the district court did not err in sustaining the motion for a new trial.

AFFIRMED.