BALDWIN v. THE ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY.

75 297
124 46
75 297
134 461

1. **Practice:** TRIAL NOTICES: RULE OF COURT: CONSTRUCTION: REVIEW. A rule of the district court provided for making orders during the term for the service of trial notices ten days prior to such date as the court might name ; and that court, in construing the rule, held that it authorized an order for the service of a trial notice in a special case. *Held* that this was a reasonable construction of the rule; but that if it were doubtful, admitting of an honest difference of opinion, this court would not interfere with that court's construction of its own rule.

2. **Master and Servant:** NEGLIGENCE OF VICE-PRINCIPAL : LIABILITY. One who has charge of the timber-yard of a railroad company, and employs and discharges men, is a vice-principal ; and one who takes his place when absent is a temporary vice-principal ; and for the negligence of such persons, resulting in personal injury to a subordinate employe, the company is liable.

3. ———: NEGLIGENCE: NOTICE TO VICE-PRINCIPAL. In such case, notice to the temporary vice-principal, when he was acting as such, of the defective piling of timbers which caused the injury, was notice to the company, regardless of the question whether or not he had any duty to perform in the piling of the timbers, or in connection with the piles.

4. **Practice:** EXAMINATION OF WITNESSES : CONTROL OF COUNSEL. A witness was asked on cross-examination, in language hardly proper, whether his testimony was not false, which question he resented. Another question of like import was then asked, to which an objection was sustained. *Held* that the court properly stopped the course of the examination ; because, while witnesses may be so interrogated as to test their truthfulness, this should be done in such a manner that unseemly scenes between them and counsel may be avoided.

*Appeal from Lee District Court.*—HON. J. M. CASEY, • Judge.

FILED, OCTOBER 2, 1888.

Baldwin v. The St. Louis, K. & N. W. Ry. Co.

ACTION to recover damages for personal injuries sustained by plaintiff while in the employ of defendant, through its negligence. There was a judgment on a verdict for plaintiff. Defendant appeals.

*J. H. Anderson* and *H. H. Trimble,* for appellant.

*Gibson Brown* and *D. F. Miller, Jr.,* for appellee.

BECK, J.—I. This is the fourth appeal to this court in this case. See 63 Iowa, 210 ; 68 Iowa, 37 ; 72 Iowa, 45. The pleadings and evidence found in ·the abstract before us upon this appeal are substantially the same as those in the former appeals, and are stated in the opinions announcing our former decisions, so far as was deemed necessary. In one or two instances it is claimed that the evidence upon the last trial is to some extent different from the evidence on the former trials. If it be found in the consideration of the case in this opinion that these differences are important, they will receive proper notice. Our former opinions, in connection with this opinion, present all the pleadings and evidence necessary for an understanding of the points of our present decision. We shall proceed to the consideration of the questions raised by defendant's counsel in the order of their discussion by them.

II. A rule prevailing in the district court is in the following language : "Rule 2. In any case once continued, where an answer is on file, either party desiring to bring such cause on for trial at any term shall, at least ten days before such term, file with the clerk a notice of

1. PRACTICE:
trial notices:
rule of court:
construction:
review.

trial, and no such cause shall stand for trial unless a trial notice be so filed, except by consent of parties : provided, that, after the commencement of the term, the court may, in its discretion, by order entered of record, permit notices of trial to be entered in the same manner, ten days prior to such date as the court may name in such order. Such order may be general, and not entered of record in each particular case." The case

Baldwin v. The St. Louis, K. & N. W. Ry. Co.

had once been continued, and no notice under this rule had been given before the term. But after the commencement of the term a notice in accord with the rule was given in pursuance of an order entered of record in this case, as contemplated by the rule. But the order was special, applying in this, and no other, case. To the entering of this order defendant excepted, and now insists that it is erroneous. The ground of defendant's objection, as we understand it, is that the rule contemplates that the order shall be general, and should not be made applicable to one case. The district court, we think, rightly construed the rule to authorize the special order applicable to this case alone. We think the language of the rule plainly authorizes this conclusion. But were it doubtful, admitting an honest difference of opinion, we would not disturb the construction of the district court of its own rules. We would presume that such construction is in harmony with the intention with which the rule was adopted, and we would regard the construction as a part of the rule itself, settling the practice upon this point through the whole district. We therefore feel bound to follow the interpretation of the rule adopted by the district court, and affirm its ruling complained of by counsel.

III. Counsel for defendant insist that the evidence fails to support the verdict, and that the court below, therefore, erred in refusing to direct a verdict for defendant. This objection is based upon the claim that plaintiff, not being engaged in the operation of the railroad, cannot recover for the negligence of a co-employe, and that the negligence, if any were shown, was of a co-employe. We think the evidence tends to show negligence on the part of the person having charge of the piling of the timber, and its care, which caused the injury. This person had full control of the timber-yard, employed and discharged men, and is to be regarded as a vice-principal. He was sometimes absent from the yard and the care and management of the business, and matters were committed to or devolved on

*2. MASTER and servant: negligence of vice-principal: liability.*

another, who took his place, and exercised the authority with which he was charged.  This other person is therefore to be regarded as a temporary vice-principal in the place of his superior.  The evidence tends to show negligence on the part of those persons who were in charge of the timber and directed the manner of piling it. Certain it is that it cannot be claimed that there is such an utter absence of evidence as requires us to hold that the verdict of the jury was the result of passion or prejudice.

IV.  Evidence was admitted, against defendant's objection, showing that Coller, the employe who acted for the vice-principal having charge of the yard, and who seemed to be a kind of an assistant of the vice-principal, was informed of the defects in the piling of the timber by having his attention directed to it by a witness.  It is insisted that it was not shown that Coller had charge of the business, so that the notice to him would operate as notice to defendant.  But the evidence is amply sufficient to warrant the conclusion (indeed, it is hardly contradicted) that Coller did have charge of the yard when plaintiff was injured, and was therefore the agent of defendant; and notice to such agent would bind the defendant.

3. —— : negligence : notice to vice-principal.

V.  Counsel urge that the court erroneously refused instructions asked by defendant, to the effect that before the jury could consider the notice to Coller, they should find that he had some duty to perform in piling the timbers, or in connection with the piles.  Coller was in charge of the yard, as an agent, and was bound to report to his principal whatever affected the property or defendant's interest in connection therewith.  This duty did not rest upon the fact that he had piled the lumber, or had authority to take down the piles and rebuild them.  Surely, if for any reason a pile of timbers would appear to be in a condition which would warrant the conclusion that it would fall, resulting in injury to defendant's property, Coller's duty required him to report the fact, whether he had or

THE SAME.

Baldwin v. The St. Louis, K. & N. W. Ry. Co.

had not built the piles, or had or had not authority to do any labor, or make any outlay, to prevent them from falling.

VI. A witness for plaintiff was asked by the defendant whether certain statements made by him in his testimony were not without foundation in fact. An objection to the question was sustained. A preceding question to the witness, in language hardly proper, asked him to state if his testimony was not false. This the witness resented. We think the court rightly stopped the course of the examination. Witnesses may be so interrogated as to test their truthfulness ; but this should be done in such manner that unseemly scenes between them and counsel may be avoided ; and it is the duty of the court to exercise such restraining authority over counsel as will attain that end. We think the district court, in this instance, rightly arrested the course of examination pursued by counsel.

*4. PRACTICE : examination of witnesses : control of counsel.*

VII. The rulings of the district court upon the instructions given and refused, we think, are correct, and demand no separate consideration. Many of the instructions to the jury, we discover, were given upon the former trials, and some of them have been expressly approved by the court in the prior appeals in this case. They present proper rules applicable to the questions of negligence, liability of defendant therefor, etc., which are raised by the issues in the case. In our opinion the judgment of the district court ought to be

AFFIRMED.