BERTHA McGEE, as Administratrix, v. C. ED. DEBRAUWERE & COMPANY.

158 So. 457.
Opinion Filed January 4, 1935.

*Harry Gordon, Rosenhouse & Rosenhouse* and *Hendricks & Hendricks,* for Plaintiff in Error;

*McKay, Dixon & DeJarnette,* for Defendant in Error.

PER CURIAM.—There was no demurrer to the declaration in this case. The defendant pleaded the general issue, contributory negligence and assumption of risk. At the close of the testimony, the court instructed a verdict for the defendant. As there was some evidence tending to sustain the allegations of negligence on the part of the defendant as being the cause of the injury suffered by the plaintiff in error's intestate, the court erred in giving the affirmative instruction.

Some of the facts alleged in the declaration, and testified to, in this case, distinguish it from the case of Swanson v. Miami Home Milk Producer's Association, 157 So. 415. It is well settled in this jurisdiction that it is the duty of the master to provide the servant with a reasonably safe place in which to work, and reasonably safe machinery, tools and implements to work with, and with suitable and competent fellow servants to work with him. Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 So. 680. See also Kreigh v. Westinghouse, 214 U. S. 249, 53 L. Ed. 985. We also conceive it to be the duty of the master to use reasonable care to supply a sufficient number of servants to perform the work with reasonable and ordinary safety to those engaged in it, and this is a duty which cannot be delegated to a servant so as to relieve the master from liability. 39 C. J. 523; 26 Cyc. Law & Prac. 1340. In addition to the cases cited in 39 C. J. 523, 524, see Tull v. Kansas City Southern R. Co. (Mo. App.), 216 S. W. 572.

Reversed and remanded.

Davis, C. J., and Whitfield, Ellis, Terrell and Brown, J. J., concur.

Buford, J., dissents.

Buford, J. (dissenting).—Writ of error here is to review a judgment in favor of the defendant in the court below, defendant in error here, in suit wherein Sidney McGee was plaintiff and C. Ed DeBrauwere & Company, a Florida corporation, was defendant and wherein McGee sued for damages alleged to have occurred as result of an injury received by him while in the employ and in the discharge of his duties as an employee of the defendant.

After writ of error was sued out to this Court McGee died and his widow was appointed administratrix and thereafter an order was entered in this Court allowing the cause to proceed in the name of Bertha McGee as the administratrix of the estate of Sidney McGee, deceased. If the deceased could not have recovered judgment because of the injury, had he survived, then the administratrix could not recover judgment for the result of the injury.

The record shows that the injury was received by the plaintiff when he attempted to keep a portion of the rock from falling from its carrier while he was engaged in the cutting of the rock with a saw operated by machinery. It is evident that the piece of rock attempted to be caught and handled by the plaintiff was too heavy for him to handle; that he was fully cognizant of the size of the piece of rock which he attempted to catch and handle and that he overtaxed his strength in the attempt to catch and handle the same in his effort to keep it from falling in such position as to injure the saw or other machinery. There was no showing that there was any necessity for him to catch the rock to avoid injury to himself or that he was influenced by any but his own judgment in attempting to catch it.

As I see it, the principles of law involved in this case are

862

identical with those involved in the case of Swanson v. Miami Home Milk Producers Association filed here October 30, 1934, reported 157 Sou. 415. In that case we said:

"Workmen employed to lift or carry ordinary objects are bound to know that a certain amount of physical strength will be required to accomplish the task undertaken and if a workman misconceive the amount of physical strength required to be extended and his own physical capacity to furnish that strength, and thereby overstrains himself, and is thereby injured and through his attempt to overtax his physical abilities, the risk of such injury is an assumed risk on the workman's part and the master is not liable for an injury within the scope of such assumption of risk. Worls v. Georgia R. Co., 99 Ga. 283, 25 S. E. Rep. 646; White v. Gwosso Sugar Co., 149 Mich. 473, 112 N. W. Rep. 1125; Lake v. Shenango Furnace Co., 160 Fed. (C. C. A. 8th) 887; Williams v. Kentucky River Power Co., 179 Ky. 577, 200 S. W. Rep. 946, 10 A. L. R. 1396."

On authority of the opinion and judgment in that case, I think the judgment here was without error and should be affirmed.