GREAT ATLANTIC & PACIFIC TEA CO. OF AMERICA v. McCONNELL et al.

No. 14075.

United States Court of Appeals Fifth Circuit.

Nov. 15, 1952.

Rehearing Denied Dec. 17, 1952.

Hutcheson, Chief Judge, dissented.

———◆———

Joe L. Sharit, Jr. and Arthur L. Anderson, Tampa, Fla., for appellant.

Stuart B. Warren, St. Petersburg, Fla., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for damages for personal injuries, sustained by Bessie McConnell, one of the appellees, when she strained her back in attempting to move a heavy meat block, which it became necessary for her to move in the course of her duties in washing down the walls of the meat shop of her employer. It arose in Florida, and was brought against an employer which had failed to comply with the Florida Workmen's Compensation Act, and which, under Florida law, was deprived of the defenses of assumption of risk and contributory negligence. It is conceded that, in order to recover, the plaintiffs must have made out a case of negligence on the part of the employer, and this appeal turns upon the issue of whether or not they did so. The only negligence claimed was that the defendant failed to furnish proper fellow servants in sufficient number to do the work which plaintiff was doing when she was injured.

The plaintiff's job was to work at the meat counter and, at the end of the day, to clean up the shop. On Saturdays, at closing time, she and any other similarly employed were required to wash down the walls. In order to do this, the meat blocks, or tables, would have to be pulled out from the wall. She had been employed for some time, and had previously done the thing that she was doing when her injury was received. The negligence claimed is that the company failed to furnish help to assist her in moving the block. When she started to work for appellant, an employee by the name of Mrs. Whitey was assigned to help her move these blocks, but this employee was on leave of absence and not present on the night of the injury in question. There were other employees around that night, but none of them had been assigned to assist Mrs. McConnell. She testified that once she had called on one of the men, who helped her with one of the blocks, but he refused to help her with the others, telling her that he had his own work to do; and so (fearing that she might lose her job) she decided not to call on anyone else. She never complained to the

management or anybody about this, nor did she ever ask that help be assigned; but at best this only amounted to assumption of risk or contributory negligence on her part.

Appellant concedes that the defenses of assumed risk and contributory negligence are not available to it, but urges that it can be held responsible only if it was negligent and its negligence was the proximate cause of the injury. The court erred, it contends, in overruling its motions for a directed verdict at the close of appellees' evidence and at the close of all the evidence, and in denying its motion for judgment notwithstanding the verdict because there is no proof of any negligence on its part. In opposition to appellant's argument, appellees assert that it was a typical case for the jury, since the evidence showed that appellant failed to furnish a sufficient number of employees to perform the work of moving the meat blocks, and was negligent in so failing.

The master in this case was not an insurer, and is liable only in case it has been negligent. Inadequacy of proper fellow servants must be the proximate cause of the injury. The appellant is left in an exposed position as to liability, under Florida law, by being denied the common-law defenses of contributory negligence and assumption of risk. Any real negligence on the part of appellant that directly and proximately contributed to appellee's injury renders the appellant liable. From seven to ten employees worked in the meat department, according to seasonal needs, but at the time of this occurrence all of them were busy; the particular fellow servant who had been assigned to render this assistance was on vacation, and no one had been specifically designated to take her place in this respect. This is the crucial fact that warranted the jury in finding that the appellant had been negligent in its common-law duty to provide proper fellow servants in sufficient number, and that this negligence was the proximate cause of appellee's injury.

The master owes to his servant certain inalienable, nonassignable duties peculiar to the relationship, based in general upon the duty not to expose him to unnecessary or unreasonable risks. One of these duties (as we have indicated) is to exercise reasonable care to provide proper fellow servants in sufficient number. Whether the master performed this duty in this case was a question for the jury. Having found such negligence, the jury was also warranted in finding that it was the proximate cause of appellee's injury. The trial court did not err in refusing to direct a verdict for the defendant. McGee v. C. Ed. De Brauwere & Co., 117 Fla. 859, 162 So. 510. Cf. Great Atlantic & Pacific Tea Co. v. Robards, 4 Cir., 161 F.2d 929.

Affirmed.

HUTCHESON, Chief Judge (dissenting).

With deference I think the judgment should be reversed.

The evidence is undisputed. Boiled down it amounts to this. Plaintiff was employed in the meat department of the company which had seven or eight other employees besides plaintiff. Her job was to work at the meat counter and at the end of the day to tidy up, while on Saturday she and any other similarly employed were supposed to wash down the walls. In order to do this, what were called the meat blocks or tables would have to be, not lifted up but slid or pulled out from the wall. She had been employed for some time and had for some time done without any injury the things that she was doing when her injury was received. The injury occurred when in stooping to catch hold of a meat block or table to slide or move it, she made a movement which resulted in a wrench or strain in her back. The negligence claimed is that the company failed to furnish help to assist her in pulling the block out from the wall. It is undisputed that nobody ordered her to pull the block alone and without assistance, and that nobody told her that she couldn't have help. It is also undisputed that nobody told her to ask for help. There were seven or eight more people around at the time she moved the block, upon whom she could have called but didn't. She testified that once, some time before, when she was not feeling well she had called on one of the men who

helped her with one of the blocks, but wouldn't help her with any others, so she decided not to call on anybody. She never complained to the management or anybody about this, nor did she ever ask that help be assigned. She testified that in the beginning a woman was working with her and they had pulled the block out together, that sometimes one of the boys helped her, and that sometimes she did it by herself.

On this evidence it is my considered opinion that there was no issue of negligence to go to the jury.

The appellant concedes that it can not defend on the ground that she was guilty of contributory negligence or of having assumed the risk. It insists, however, that the simple facts above stated do not show that the defendant was guilty of any negligence. In support of its claim, the defendant cites several cases, including two from Texas, Jackson v. Marshall, Tex.Civ.App., 243 S.W.2d 205, and Western Union Tel. Co. v. Coker, 146 Tex. 190, 204 S.W.2d 977.

These opinions are, I think, well considered and well decided, especially the Western Union opinion by the Supreme Court. They consider and discuss the very question presented here under a statute the same as that in Florida where the employer had failed to comply with the Workmen's Compensation Act and the employee had sought to support his suit by the claim, that what defendant claimed was an absence of negligence was really matter in support of defenses, contributory negligence and assumed risk, which had been cut off by statute. The opinions point out clearly and correctly, I think, why this is not so.

It seems clear to me that if the evidence here makes a case, then when anyone makes an awkward movement and injures himself, the matter is merely sent to the jury with the inquiry in effect, "Do you or do you not want to find for plaintiff?"

The appellee seems to think that the Florida cases of McGee v. C. Ed. De Brauwere & Co., 117 Fla. 859, 162 So. 510, and Tull v. Kansas City Southern, R. Co., Mo. App., 216 S.W. 572, are cases in point. I do not think so. Their facts are entirely different. In both of these the plaintiffs had been ordered to do heavy lifting, and, in addition, there were not plenty of persons standing around upon whom they could have called.

If the employer was negligent under the facts shown in this case, I can't see how there could be any case in which an uninsured employer could escape liability to an employee if the jury wished to declare him liable.

With deference, it seems to me that, under the theory applied below and sustained here, the judge must, in every case against an uninsured employer, abdicate his function to determine whether, according to right reason, there was any evidence to take a case to the jury. He must submit every case of claimed injury for the jury's determination just as though it were a workmen's compensation suit, the only real issue being whether the injury arose out of, and was incurred in the course of, the employment, and the jury thought he ought to recover.

I respectfully dissent from the affirmance.

Rehearing denied; HUTCHESON, Chief Judge, dissenting.