**BAKER**

v.

**GREAT ATLANTIC & PACIFIC TEA CO.**

**No. 14720.**

United States Court of Appeals, Fifth Circuit.

April 15, 1954.

Sam E. Murrell, Sam E. Murrell, Jr., Robert G. Murrell, Orlando, Fla., for appellant.

Heskin A. Whittaker, Orlando, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

This is an action at law brought by an employee against his employer to recover damages for personal injuries. The appeal is from a judgment below in favor of the defendant employer, based upon a jury verdict.

Plaintiff was an experienced carpenter, employed by the defendant. At the time in question, he was engaged in sawing some large plywood boards into smaller panels, using for this purpose a 10″ power driven circular saw furnished by defendant. The saw blade was mounted vertically on a smooth top steel table, so that most of the blade was beneath the table, but the perimeter extended an inch or more above the top of the table through a narrow slot in the table top. When in use the saw revolved very rapidly.

Without stopping the saw, plaintiff attempted to remove with his bare hand a small fragment of wood left from a board he had been sawing, which was lying on the table top near the revolving

blade. The fragment struck the saw, in some manner throwing plaintiff's hand into it, lacerating the thumb and forefinger of plaintiff's right hand, which later resulted in serious complications.

The defendant employer had elected not to accept the provisions of the Florida Workmen's Compensation Law, which is optional, thereby exposing itself to an action at law by an injured employee, and depriving itself of the defenses of negligence of a fellow servant, assumption of risk, and contributory negligence. The defenses of no actionable negligence, and that the negligence of the plaintiff was the *sole* cause of his injury, are still open to such an employer, however, and those were the defenses here relied upon.

Plaintiff contends that the trial court erred in refusing to give certain instructions requested by plaintiff defining the duty of an employer under sec. 440.56(1) of the Act, F.S.A. When, however, as here, an employer has rejected the Act pursuant to the provisions thereof, Cf. Chamberlain v. Florida Power Corp., 144 Fla. 719, 198 So. 486, he rejects the entire Act, including sec. 440.56. He thereby stands upon his common law liability, but deprives himself of the three above mentioned defenses. It was therefore not error to refuse to charge upon the duties of an employer under the Act, as those duties are not here involved. However, the duties prescribed for an employer by sec. 440.56(1) closely parallel the common law duties of an employer, as to which the trial judge fully and accurately charged the jury in this case. McGee v. C. Ed De Brauwere & Co., 117 Fla. 859, 162 So. 510; Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 So. 680; Kreigh v. Westinghouse etc., 214 U.S. 249, 29 S.Ct. 619, 53 L.Ed. 984. Cf. Great A. & P. Tea Co. v. McConnell, 5 Cir., 199 F.2d 569.

Appellant also assigns as error that the trial judge refused to charge that contributory negligence on the part of the plaintiff would not bar a recovery, that being one of the defenses relinquished by a non-assenting employer under sec. 440.06 of the Act.

We find, however, that the trial judge charged the jury: " * * * even though you find from the evidence in this case that the plaintiff was guilty of contributory negligence in bringing about his injuries, such contributory negligence on the part of the plaintiff should be disregarded by you, as such contributory negligence would not bar him from recovery, nor would his damages be reduced by reason of contributory negligence." That charge sufficiently covers the question of contributory negligence as applied to this case.

Appellant also complains of the refusal of the trial court to charge the jury that assumption of risk is not a defense here. Assumption of risk was neither pleaded nor argued as a specific defense. A charge on that doctrine therefore would have been inappropriate. The trial court made it quite clear, however, that only two defenses were open to the employer: (1) that the employer was entirely free of negligence which caused, or contributed to causing, plaintiff's injury; and (2) that the injury was caused solely by plaintiff's negligence. This presented the issues appropriately.

The trial court submitted to the jury interrogatory No. 6: "Did the defendant fail to furnish plaintiff with a reasonably safe place to work, and reasonably safe appliances and equipment with which to work, considering the age, experience and skill of plaintiff?" Appellant complains of the phrase "considering the age, experience and skill of plaintiff" in that interrogatory, and also of the court's general charge that those elements may be considered in determining whether or not the defendant has performed its duty as an employer. Whether or not the master has exercised due care to furnish his servant a reasonably safe place to work, and reasonably safe tools with which to work, necessarily involves consideration of the

age, experience and skill of the employee. It is obvious that a rip saw furnished an employee with which to do his work might be entirely safe for an experienced saw operator, but unsafe for a novice. 56 C.J.S., Master and Servant, § 203, p. 908.

■■ Whether or not it is required by due care that an employer cover a saw such as this so as to protect the operator's hands, and whether such a covering would unduly interfere with the functioning of the saw when used to cut up large plywood sheets, are questions of fact for the jury. In this case, they were resolved adversely to plaintiff. If the employer was guilty of no negligence, or if the employee's own negligence was the sole proximate cause of his injury, there can be no recovery. Skinner v. Smith, Ky., 255 S.W.2d 621.

Other matters assigned by appellant as error have been considered, but no reversible error found.

Affirmed.