IN RE ESTATE OF FRANK HOWORTH, deceased.

MARLYN IGOU, claimant-appellee, v. INEZ HOWORTH, executrix of the will of Frank Howorth, deceased, appellant.

No. 49592.

(Reported in 94 N.W.2d 779)

FEBRUARY 10, 1959.

REHEARING DENIED APRIL 8, 1959.

Page & Nash, of Denison, for appellant.

Goldberg & Nymann, of Sioux City, and Norelius & Norelius, of Denison, for appellee.

HAYS, J.—██ ██ Claimant, an employee of defendant's decedent, was injured in the course of his employment. This action for damages on account of said injuries is based upon alleged violation of the common-law duty an employer owes to an employee. It is incumbent upon an employer to use reasonable care and diligence to provide a safe place for his employee to work and to provide him reasonably safe tools etc. with which to work. Failure to do so constitutes negligence. O'Reagan v. Daniels, 241 Iowa 1199, 44 N.W.2d 666. While not an insurer, and knowledge of defective tools is essential in establishing negligence, the usual rules of negligence apply. If the employer knew, or by the exercise of reasonable care should have known, of an unsafe condition, liability may attach. This duty is recognized to cover animals furnished by an employer for use by his employee. Nikolas v. Kirner, 247 Iowa 231, 73 N.W.2d 7; 56 C. J. S., Master and Servant, section 218; 35 Am. Jur., Master and Servant, section 196.

Claimant's petition alleges defendant's decedent furnished him with a horse known by decedent to be lame and unsafe for claimant to ride, or which, by the use of ordinary care, decedent should have known to be lame and unsafe to ride. A jury gave claimant a substantial award, and defendant appeals.

The sole question presented by this appeal is whether or not the trial court erred in overruling defendant's motion for a directed verdict.

Defendant's decedent was a cattle feeder, operating in different pastures and on different farms and requiring the use of saddle horses by his employees. Claimant, age 28, had been a farm worker and had ridden horses considerably. He had previously worked for decedent. In March 1955 he started working for decedent and was injured in April. On the date in question he was directed to help drive cattle from a field, where they were to be dehorned. Three horses were saddled, and decedent, his foreman, Van Coburn, and claimant went in a pickup truck, leading the horses, to the field where the cattle were. There, they mounted and rounded up the cattle and drove them along the highway to the field where they were to be dehorned, a distance of a mile or more. While working with the cattle in

the latter field, the horse claimant was riding stumbled and then reared over backward causing the injuries complained of.

Claimant was the sole witness as to what happened. He had never ridden the horse in question but had seen it ridden about the place. He stated after the cattle had been rounded up and were being driven along the highway he noticed his horse "kind of limped on the right front foot." He further stated, "At the time I was hurt I was riding the horse in a kind of little ravine where it was bumpy. I was riding the horse along the bottom of the ditch. It was kind of a little slope, you know, a little washout. It wasn't too steep. You know how it is when a place is washed out. * * * I want you to understand that the horse stumbled when I was riding it straight ahead. It went down on its knees and then immediately reared up over backwards."

Claimant stated he was five feet five, weighed 155 to 160 pounds and could see over the horse. Such was the record when claimant rested. A motion to direct a verdict was overruled.

Defendant's evidence was as follows: Van Coburn, decedent's foreman, testified he had worked for decedent some twenty-five years. Claimant had ridden horses for decedent on prior occasions. Decedent had owned the horse about a year prior to the accident and witness had ridden the horse off and on all of the winter before. He did not observe the horse to be lame on the day in question and never knew it to be lame. He did not observe the horse fall.

James Howorth testified he bought the horse in question as a two-year-old. He and his daughter broke it to ride. He has ridden the horse many times and has driven cattle with it. He never knew the horse to be lame and never had any trouble with it in respect to stumbling, falling down or anything of that kind. He sold the horse to decedent. Witness gave his weight at about 200 pounds.

Diane Howorth testified she and her father broke the horse to ride. She rode the horse many times on trail rides and has helped round up cattle with him. She never knew of the horse being lame; that once in a while it would stumble "if it was on cloddy ground or stones."

Defendant also produced movies of the horse being ridden by James Howorth (taken for the purpose of the trial) in which it shows the horse stumbled on a little pile of rocks.

The foregoing is a full and fair statement of the record as it pertains to the issue of negligence.

■ The negligence charged is that the horse was lame and unsafe. The only, evidence upon this point is that on the day in question, after claimant had ridden the horse to round up the cattle and while driving them along the highway, he noticed the horse "kind of limped on the right front foot." No claim is made that he called this condition to the attention of decedent or his foreman. He continued to ride the horse over rough ground and it fell. Giving full credence to claimant's evidence, the most that can be claimed for it is that during the cattle drive his horse went lame and while later being ridden over rough ground it fell. At the close of all of the testimony it appears that the horse was never known to be lame. It had been ridden in cattle drives without trouble and by riders much heavier than claimant. On a few occasions, when being ridden over cloddy or rocky ground, it had stumbled. We are unable to find from this record that the horse was lame and unsafe to ride, but, assuming such to be the case, the record is silent as to any knowledge thereof by decedent and lacking of facts upon which it might be inferred that decedent should have known of the situation.

Appellee cites and relies upon two cases, Nikolas v. Kirner, supra, 247 Iowa 231, 73 N.W.2d 7, and Baldwin v. St. Louis, Keokuk & N. W. Ry. Co., 75 Iowa 297, 39 N.W. 507, 9 Am. St. Rep. 479. The Baldwin case involves negligence in the manner lumber was piled, and the record clearly discloses facts upon which a jury might well find negligence, together with notice to the employer. The Nikolas case involves a horse, and the trial court was reversed for directing a verdict. The record in that case shows an unusual hitch was used by defendant on the horse; defendant would not use a short rope in exercising the animal; and his admission that the horse was wild. The two cases are so different on the facts from the instant case as to be of no value to appellee.

While assumption of risk was pleaded and argued we do not deem it necessary to consider that issue.

Under the record claimant has failed to sustain his burden of proof, and the trial court should have directed a verdict. Degner v. Anderson, 213 Iowa 588, 239 N.W. 790.

Reversed and remanded with direction to dismiss claimant's petition.—Reversed and remanded.

All JUSTICES concur.