RAY KREGEL, appellee, v. RAY H. KANN, appellant.

No. 52537.

(Reported in 152 N.W.2d 534)

August 31, 1967.

C. F. Neylan and Hart & Hart, both of Elkader, for appellant.

Alfred E. Hughes, of Dubuque, and L. J. Degnan and Hunt & Degnan, of Guttenberg, for appellee.

Mason, J.—Ray Kregel brought this law action to recover for personal injuries suffered while working as a farm employee for defendant Kann. Defendant appeals from judgment on jury verdict for plaintiff. The appeal involves the sufficiency of the evidence of defendant's negligence as the cause of plaintiff's injuries.

I. In the fall of the year defendant, owner and operator of a farm in Clayton County, would make cane syrup. This involved cutting, stripping and pressing cane which was then cooked. One of plaintiff's duties was to split old fence posts to be used as fuel for the cooking. We are told splitting of the posts is necessary to give a hot fire. The posts were usually 6½ feet long and 6½ inches in diameter and had been set in the

ground seven to ten years. Some brace posts and corner posts which had to be shortened after they were split were also used as fuel.

Plaintiff, age 70 at the time of trial, although never steadily employed by defendant, had worked for him approximately 35 years before the accident. On October 5, 1963, while splitting posts plaintiff used an old double-bitted ax with a bowed handle which defendant had furnished and directed plaintiff to use. As he started to split one of the posts plaintiff aimed the ax at the center, saw a knot in the post some distance from the top and hit the post "a pretty good lick", splitting it right up to the knot. When he decided to follow the split within six or seven inches from the knot he made an extra effort to hit the post again. He asserts as he did so the ax hit the knot causing it to fly out and strike plaintiff's left eye.

Defendant had furnished plaintiff two double-bitted axes and one wedge to be used in splitting the old fence posts. The wedge had to be hammered into the wood to force it apart. Plaintiff contends the wedge could be used only with a single-bitted ax to serve as a mall. Although defendant has owned such an ax which plaintiff used in previous years and now contends it would have been a better ax to use, it had a broken handle. Defendant said he did not have time to fix it, so plaintiff used the furnished ax.

Other testimony will be mentioned later.

Plaintiff alleged defendant was negligent in failing to provide a safe place to work and safe appliances to work with, and in failing to warn plaintiff of the dangers incident to splitting posts. Defendant denied plaintiff's claim and alleged he had assumed the risk from any claimed negligence on defendant's part.

In addition to his own testimony plaintiff offered that of the treating physician and an expert witness on working with timber, introduced two exhibits—the ax defendant furnished and a new one. Defendant offered no evidence.

II. The trial court submitted to the jury only one specification of negligence, "Failure to provide plaintiff with reasonably suitable and safe appliances."

As indicated, defendant questions the sufficiency of the evidence to generate a jury question as to defendant's negligence proximately causing the injury. He contends his motions for directed verdict and judgment notwithstanding the verdict should have been sustained.

In considering this question we view the evidence in the light most favorable to plaintiff. Davidson v. Cooney, 259 Iowa 1278, 147 N.W.2d 819, 822; Amended Rule 344(f)(2), Rules of Civil Procedure.

III. Defendant asserts an employer is required to exercise only reasonable care to furnish his employee reasonably safe and suitable appliances and is not required to furnish the latest, best and safest tools with which to work.

"It is a settled rule that an employer must use reasonable care to provide and maintain for his employees reasonably suitable and safe appliances, machinery and tools with which to work." Frederick v. Goff, 251 Iowa 290, 295, 100 N.W.2d 624, 627, and citations. See also Erickson v. Erickson, 250 Iowa 491, 498, 94 N.W.2d 728, 732; Mooney v. Nagel, 251 Iowa 1052, 1057, 103 N.W.2d 76, 79; Calkins v. Sandven, 256 Iowa 682, 694, 129 N.W.2d 1, 8.

However, the employer is not an insurer of the safety of the tools, machinery or appliances, nor of the safety of the employee in using the instrumentalities furnished but is only liable for negligence. Sample v. Schwenck, 243 Iowa 1189, 1196, 54 N.W.2d 527, 531; Anderson v. Sheuerman, 232 Iowa 705, 708, 6 N.W.2d 125–127 and citations; Rehard v. Miles, 227 Iowa 1290, 1295, 290 N.W. 702, 704, 705; In re Estate of Howorth, 250 Iowa 752, 753, 94 N.W.2d 779, 780; 56 C. J. S., Master and Servant, section 202; 35 Am. Jur., Master and Servant, sections 175 and 176.

The employer must exercise reasonable care to eliminate dangers which are not the usual or ordinary incidents of the service when he has exercised such care. Sample v. Schwenck; Anderson v. Sheuerman, both supra.

IV. Mr. Tuecke, with 40 years' experience around wood-cutting as an occupation and a familiarity with tools ordinarily used by people working in timber, including double-bitted axes,

used the ax furnished plaintiff in illustrating his testimony. He compared its present condition with the new ax offered in evidence; described the furnished ax as an old double-bitted ax with three quarters of an inch ground or filed away, the temper gone; it was worn out, blunt and very dull; the ax was not tapered, the cutting edge was gone and it would not draw or cut smoothly; a blunt ax will bounce or knock; the throat was gone. In his opinion the eye of the ax was so close to the cutting edge it would cause it to deflect and glance, whereas an ax with a larger cutting edge would cut.

In response to a hypothetical question as to the effect of the bowed handle Mr. Tuecke testified it would make quite a difference as "you wouldn't get the mark you were striking at, miss the mark." Answering another hypothetical, the witness said the furnished ax would knock a knot loose and cause it to fly rather than cut it as a new ax would. It was his conclusion the furnished ax was not safe for splitting posts. He detailed other reasons for his opinion.

Defendant had furnished plaintiff another ax, described as a good one, to be used only in shortening the corner or brace posts after splitting them. Although plaintiff had this ax close to where he was working, defendant had told him because of the possibility of staples and wire in the posts he was not to use it in splitting. Plaintiff admitted it would not be good to use "a good ax" where there were staples and wire. Mr. Tuecke gave similar testimony. Plaintiff had used the furnished ax two days in splitting three to four dozen posts before the accident occurred.

Plaintiff described the furnished ax as very light for the work he was doing; the bowed handle would probably cause it to deflect more than a straight-handled ax. It had not been sharpened that year and was very dull. He indicated about the only things wrong were its lightness for the work he was doing and dullness. He admitted you should use a dull ax to cut wood.

■ V. In determining whether the employer exercised reasonable care there is no absolute standard to which his conduct must conform. Although the employer's duty is to exercise reasonable care whether the work is comparatively safe or ex-

tremely dangerous, the duty becomes more imperative as the risk increases. Fort Worth & Denver City Ry. Co. v. Smith (5th Cir.), 206 F.2d 667, 669.

While the duty of the employer to provide his employee with reasonably safe tools with which to work is owed alike to the young and old, skilled and unskilled, whether the employer has performed such duty depends in some degree on the experience, maturity, intelligence and discretion of the employee. 56 C. J. S., Master and Servant, section 203; Baker v. Great Atlantic & Pacific Tea Co. (5th Cir.), 212 F.2d 130, 132, 133; Fishburn v. International Harvester Co., 157 Kan. 43, 138 P.2d 471, 475.

Plaintiff had worked in the timber practically every year since he was 14 with the exception of a period after 1942 or 1943 when he worked for a construction company. Even then he used various types and makes of axes. His life occupation was that of a hired man. When he first worked on the farm after finishing the eighth grade practically every farmer made his own posts. Although not a professional woodchopper, he had used an ax since he was quite young and while working for defendant over a period of 35 years he had used an ax in his work, not constantly but when defendant was cooking sorghum.

During the depression plaintiff worked for the county and after corn picking he would take the inmates of the county home into the timber to top trees for fuel. Before being employed by the construction company plaintiff and an 18-year-old boy had cut logs to build different buildings for a lady, including a 28 x 70 machine shed. Plaintiff was not a novice at timberwork.

The ground of defendant's liability is not danger, but negligence. Until we have a law such as Workmen's Compensation applicable to farm employment there is no absolute liability of the employer for injuries to his employee. Wagner v. Larson, 257 Iowa 1202, 1211, 136 N.W.2d 312, 318.

It was, of course, plaintiff's burden to establish that defendant failed to exercise the care imposed upon him. Defendant in his motions for directed verdict and judgment notwithstanding the verdict asserted plaintiff failed to prove defendant breached any duty owing him.

The trial court held the foregoing evidence was sufficient to support the one specification of negligence submitted to the jury.

The question is whether there is substantive evidence defendant was negligent in the respect alleged by plaintiff and such negligence was a proximate cause of the injury. If supported by substantial evidence the findings of fact by the jury are binding on us. Citation of authority is unnecessary. Rule 344(f) (1), Rules of Civil Procedure.

In determining whether there is substantial evidence of defendant's failure to perform the duty owed to plaintiff, the experience and maturity of the employee are to be considered in some degree as stated in Division V, supra.

In this connection, as previously noted, plaintiff had worked in the timber since he was 14 and had used an ax since he was quite young. He had used the furnished ax on occasions before the accident while working for defendant splitting old posts. Two days before the accident he had split three to four dozen posts with it. Plaintiff testified, "They say you should use a dull ax to cut wood." He and his witness said it would not be advisable to use a "good ax" where there were wires and staples.

Mr. Tuecke's testimony falls far short of bringing plaintiff's case within the facts appearing in Swaim v. Chicago, R. I. & P. Ry. Co., 187 Iowa 466, 174 N.W. 384. In that case the evidence from which a jury was justified in drawing an inference of negligence was materially different from the proof here.

Our function in review is to examine the evidence to determine, not whether it proves defendant guilty of negligence in failing to exercise reasonable care to provide and maintain for his employee reasonably suitable and safe appliances, machinery and tools with which to work, but whether it makes a sufficient showing so that the trial court was warranted in submitting the question to the jury and the jury in the exercise of its function as the trier of the facts was justified in finding defendant negligent. Anderson v. Elliott, 244 Iowa 670, 673, 57 N.W.2d 792, 793; Kauzlarich v. Fitzwater, 255 Iowa 1067, 1069, 125 N.W.2d 205, 206.

██ The law requires the employer in the performance of his duty to exercise that degree of care which a person of ordinary care and prudence would use under the same or similar circumstances.

██ In applying the principles of law set forth here we conclude there was not sufficient substantial evidence from which a jury might reasonably draw an inference of negligence on defendant's part in the respect submitted. The trial court should have directed a verdict for defendant. Rehard v. Miles; Anderson v. Sheuerman, both supra.

The case differs from other farm accident cases that have been before us. For an analysis of some of these cases see Sample v. Schwenck, 243 Iowa 1189, 54 N.W.2d 527; Wagner v. Larson, 257 Iowa 1202, 136 N.W.2d 312.

VI. In view of our holding on this assignment other claimed errors need not be considered.

With directions to set aside the judgment in favor of plaintiff and enter judgment for defendant notwithstanding the verdict, the case is—Reversed and remanded.

All JUSTICES concur except RAWLINGS and MOORE, JJ., who dissent, and BECKER and LEGRAND, JJ., who take no part.

RAWLINGS, J.—I respectfully dissent. In my humble opinion the evidence, viewed in a light most favorable to plaintiff, served to create a jury issue.

There are few known tools more dangerous than a dull, worn, temper deactivated, featherweight ax with a warped handle.

In the case at hand defendant-employer supplied just such a tool with which to split age hardened posts, and told plaintiff-employee to use that specific ax for that particular purpose because there would be staples and maybe wire and other things in the wood.

Plaintiff apparently had one thorny choice—*use the old ax as directed or not work*.

I find the principles of law enunciated in Frederick v. Goff, 251 Iowa 290, 100 N.W.2d 624, here applicable and most persuasive.

In Frederick, loc. cit., 251 Iowa 295, we said: "It is a settled rule that *an employer must use reasonable care to provide and maintain for his employees reasonably suitable and safe appliances, machinery and tools with which to work.* Von Tersch v. Ahrendsen, 251 Iowa 115, 118, 119, 99 N.W.2d 287, 289, and citations; Degner v. Anderson, 213 Iowa 588, 589, 239 N.W. 790; Swaim v. Chicago, R. I. & P. Ry. Co., 187 Iowa 466, 477, 174 N.W. 384; 56 C. J. S., Master and Servant, sections 201, 206." (Emphasis supplied.)

In the same case, loc. cit., 251 Iowa 296, this court stated: "* * * we think assumption of risk does not appear as a matter of law and it was proper to submit this issue to the jury. It is an affirmative defense and the burden to prove it rested upon defendant. [Authorities cited] It is seldom a party who has the burden on such an issue establishes it as a matter of law. [Authorities cited]."

Also, at pages 297, 298, 251 Iowa, is this statement of applicable law:

"Since this is an action by an employee against an employer to recover for negligence plaintiff was not required to plead or prove his freedom from contributory negligence but defendant might plead and prove contributory negligence in mitigation of damages. Rule 97, Rules of Civil Procedure; Erickson v. Erickson, supra, 250 Iowa 491, 495, 496, 94 N.W.2d 728, 730, and citations. * * *.

"In considering the causal relation necessary to responsibility for negligence the general rules are set out in Restatement, Torts, sections 430 to 435. Christensen v. Sheldon, 245 Iowa 674, 682, 63 N.W.2d 892, 897, 48 A. L. R.2d 522.

"Section 431 of the Restatement says: 'The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.'

"We have used this language quite similar to that just quoted: 'Nor will the fact that some other cause operates with the defendant's negligence to produce the injury relieve the defendant if the injurious result is traceable *in some material de-*

*gree* to his want of due care [citations].' (Emphasis added.) Swaim v. Chicago, R. I. & P. Ry. Co., *supra*, 187 Iowa 466, 471, 174 N.W. 384, 386 (certiorari denied 252 U. S. 577, 40 S. Ct. 344, 64 L. Ed. 725). In considering the issue of proximate cause we have frequently cited the Swaim case with approval.

"Section 435, Restatement, Torts, provides: 'If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.' "

See also O'Reagan v. Daniels, 241 Iowa 1199, 1205, 1206, 44 N.W.2d 666; Petersen v. McCarthy Imp. Co., 175 Iowa 85, 88, 156 N.W. 801; Freeman v. Wilson, Tex. Civ. App., 149 S.W. 413, 418; and Russell v. Borden's Condensed Milk Co., 53 Utah 457, 174 P. 633, 635.

Reasonable minds could and did in fact here conclude defendant-employer's conduct in furnishing plaintiff a defective instrumentality with which to do the work assigned him was a substantial factor in bringing about his injury.

Furthermore, plaintiff-employee may have been contributorially negligent but in this case it, if present, could not serve to bar recovery. It would only go to mitigation or reduction of damages.

I find sufficient evidence to create a jury issue and would affirm.

MOORE, J., joins in this dissent.