Raymond A. **HEPP**, Appellant,

v.

Clarence **ZINNEL**, Appellee.

No. 54994.

Supreme Court of Iowa.

June 29, 1972.

Breen, Gailey & Breen, Fort Dodge, for appellant.

Thomas L. McCullough, Sac City, for appellee.

UHLENHOPP, Justice.

■ The question presented in this farm accident case is whether plaintiff Raymond A. Hepp proved as a matter of law that defendant Clarence Zinnel was negligent. We view the evidence in its most favorable light to the trial court's finding of fact for Zinnel. Griffith v. Red Oak Community School Dist., 167 N.W.2d 166 (Iowa).

On the occasion in question, Hepp, Zinnel, and other farm neighbors were on Zinnel's farm putting up hay. One man ran the baler in the field; other men hauled loads of baled hay to the barn; Zinnel drove the tractor that pulled a heavy rope which lifted the bales into the hayloft; Hepp stood on each load of hay, stuck the large hayfork into the bales, released the fork with a trip rope after the bales had been lifted into the loft, and retrieved the fork by means of the same rope; and two men in the loft mowed away the bales. The trip rope was about 20 years old and hung in the barn when not in use.

On this day, the men had been working for an hour or two after the noon meal and had put up about 80 bales. One of the men in the loft called out to Hepp that the trip rope was beginning to fray near the fork and that Hepp had better re-tie it. Hepp cut off a short length of the rope by the fork, and re-tied the rope to the fork.

Two more loads were brought to the barn and one load was put in the loft. While putting the second load in the loft, Hepp, standing atop some remaining bales on the wagon, gave a substantial pull on the trip rope to release the fork. The rope came loose or broke and came down, and Hepp fell off the wagon and onto the ground. He sustained injuries and was taken to a hospital. The evidence may fairly be said to be in dispute as to wheth-er a length of rope did or did not remain attached to the fork after the incident.

The trip rope was then tied to the fork again, but by whom no one seems to know. The men continued their work, with one of them taking Hepp's place. Using the same trip rope, the men put up about 300 more bales.

The rope was produced at trial, and it had some frays at the very end beyond the knot. A witness who worked in a local hardware store tested the rope but was unable to break it upon exerting his full weight of 190 pounds.

The parties tried the case to the trial court without a jury. The court found as a fact that Hepp failed to establish Zinnel was negligent and dismissed the petition. Hepp appealed.

■ Hepp claims the trip rope was not reasonably safe. He asks us to overturn the trial court's finding of fact on that negligence issue. To do so, we must be able to say that had the case been tried to a jury, Hepp could have required the trial court to instruct the jury peremptorily that Zinnel was negligent as a matter of law.

We cannot go that far for several reasons. In the first place, seldom does a party who has the burden of proof sustain that burden as a matter of law. Nassif v. Pipkin, 178 N.W.2d 334 (Iowa).

■ Again, the issue involved is common-law negligence—whether Zinnel provided a reasonably safe rope. But what is "reasonable" is not black or white. Such an issue is peculiarly for the fact-finder. Appling v. Stuck, 164 N.W.2d 810, 814 (Iowa) ("What is reasonable care under the circumstances is ordinarily a jury question."). Hepp himself testified that "on the day of the accident there wasn't anything that I could see on the rope that would say to me, look out, don't use the rope. Mr. Zinnel wouldn't be able to see it any better than I would either." Hepp was an experienced farmer, and the court

has said, "While the duty of the employer to provide his employee with reasonably safe tools with which to work is owed alike to the young and old, skilled and unskilled, whether the employer has performed such duty depends in some degree on the experience, maturity, intelligence and discretion of the employee." Kregel v. Kann, 260 Iowa 1330, 1335, 152 N.W.2d 534, 537.

In addition, Hepp did not establish as a matter of law that the rope broke; the knot he tied may have come undone. This matter goes not only to proximate cause but also to negligence—whether the rope was in fact defective.

We conclude that the negligence issue was for the fact-finder. The fact-finder has spoken on the question, and the case is therefore at an end.

Affirmed.

All Justices concur.