ZEHMER, Judge.
Daniel Sears Dearing, Jr., the plaintiff below, appeals a directed verdict for the defendant Stuart Reese in this negligence action for breach of duty to provide Dear-ing a safe place to work. We reverse.
Viewing the evidence and reasonable inferences from the evidence in a light most favorable to Dearing, the record reflects the following facts. Reese, who has renovated and sold houses on several prior occasions, purchased a house in Tallahassee to renovate and resell. Subsequently, Dearing was hired to do general labor on the house. Dearing’s job was described as “basic labor” and consisted of such duties as assisting the carpenters, lifting heavy objects such as concrete bags, moving lumber, and demolition. The record contains testimony that Dearing’s job was to do whatever he was told to do.
The accident which is the subject of this suit occurred on September 15, 1983. Dearing was cleaning floors inside the house when a dishwasher was delivered and placed on the front lawn. Rain began to fall and a project supervisor told Dear-ing and another worker that they needed to move the dishwasher inside. Dearing then walked out into the yard, picked the dishwasher up and moved it onto the porch. He testified that the only equipment available was a child’s red wagon, and that the other worker could not help move the dishwasher because he had previously injured his knee and it was still in a brace. As a result of lifting the dishwasher, Dearing sustained herniated discs of the spinal column and required surgery.
Dearing filed an action for common law negligence against Reese, alleging that Reese breached his duty to provide Dearing a safe place to work. The case was tried to a jury and at the close of Dearing’s case, Reese moved for a directed verdict on the grounds that no employer/employee relationship existed and that the evidence did not prove negligence. The trial judge ruled that the evidence did raise a jury question as to whether Dearing was in fact an employee of Reese, but directed a verdict for Reese on the legal insufficiency of the evidence to prove negligence.[1]
The trial court erred in directing the verdict for Reese on the issue of negligence. As Dearing’s employer, Reese owed a duty to provide Dearing a safe place in which to work, reasonably safe machinery, tools and implements to work with, and suitable and competent fellow *763 servants to work with him. McGee v. Ed De Brauwere & Co., 117 Fla. 859, 162 So. 510 (1935). See also Great Atlantic & Pacific Tea Company v. McConnell, 199 F.2d 569 (5th Cir.1952); Callahan v. Bryce, 47 So.2d 517 (Fla.1950). Ordinarily, the issue of negligence is for the jury, and the record before us contains competent evidence upon which the jury could reasonably find that Reese breached that duty. Although Dearing’s assumption of risk and comparative negligence are usually matters of defense, these defenses are barred if the employer failed to provide workers’ compensation insurance in compliance with Chapter 440. Hicks v. Kemp, 79 So.2d 696 (Fla.1955); § 440.06, Fla.Stat. (1983).
The judgment is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
BOOTH and WIGGINTON, JJ., concur.

. Section 440.11, Fla.Stat. (1983) does not provide Reese immunity from suit because he did not provide workers’ compensation insurance coverage.