EVANDER, J.
 

 Jose Benitez and his wife, Lucila Beni-tez, appeal from a post-trial order setting aside the jury verdict and granting a motion for directed verdict in favor of the defendants below, Joseph Trucking, Inc., and Estela Hernandez. We conclude there was sufficient evidence to support the jury verdict and accordingly reverse.
 

 The Benitezes filed a negligence action against the defendants after Jose (hereinafter referred to as “Benitez”) suffered personal injuries in a single-vehicle crash. The vehicle was a tractor-trailer consisting of a “trailer” or “cab” and a flat-bed trailer. The trailer consisted of a metal frame on the outside and a bed made of wood slats. The tractor-trailer was owned by- Mrs. Hernandez and was used in the normal course of business by Joseph Trucking, Inc., a company owned by Mrs. Hernandez and her husband. Joseph Trucking had retained Benitez, as an independent contractor, to operate the vehicle and transport large concrete pieces from
 
 *430
 
 the manufacturer in Seminole County to a construction project site in south Florida. Benitez had performed these types of services on behalf of Joseph Trucking on numerous occasions over the prior two years.
 

 On the day of the crash, Benitez retrieved the tractor-trailer from Joseph Trucking and proceeded to the concrete manufacturer’s place of business. There, six concrete pieces were loaded onto the trailer. Each concrete piece weighed approximately 7200 pounds and was three feet in height and twelve feet in length. This load was not atypical for this tractor-trailer. As was the norm, strips of wood (commonly referred to as “dunnage”) were placed between the concrete pieces and the trailer bed, and straps were placed over the concrete pieces to hold them in place.
 

 In their amended complaint, the plaintiffs alleged, inter alia, that (1) the defendants owed a duty to Benitez to maintain the tractor-trailer in proper working condition, and (2) the trailer was unsafe because it had been negligently maintained by the defendants. It was Benitez’s position that as a result of its deteriorating condition, the trailer bed had broken during the transportation of the concrete pieces. As a result, a concrete piece had sunk into the trailer bed, causing a shifting of the load’s weight and subsequent tipping over of the tractor-trailer. The defendants denied liability and also pled the affirmative defense of comparative negligence. It was defendants’ position that the crash was caused by Benitez driving too fast when he tried to negotiate a curve and/or by Benitez improperly loading the concrete pieces.
 

 The issues of liability and damages were bifurcated and the liability issue proceeded to trial. By its verdict, the jury determined that both Benitez and Joseph Trucking were negligent and that each party’s negligence was a legal cause of injury to Benitez. Seventy percent of the negligence was apportioned to Joseph Trucking and thirty percent to Benitez.
 

 In granting the motion for directed verdict, the trial court determined that the plaintiffs’ evidence was insufficient to establish a nexus or causal connection between the alleged defective condition of the trailer and the crash. We respectfully disagree.
 

 The standard of review on appeal of a trial court’s order on a motion for directed verdict is the same as the test to be used by the trial court in ruling on that motion.
 
 Etheredge v. Walt Disney World Co.,
 
 999 So.2d 669, 671 (Fla. 5th DCA 2008). A motion for directed verdict should be granted only where there is no reasonable evidence upon which a jury could legally predicate a verdict-in favor of the non-moving party.
 
 Id.
 
 In considering the motion, the court is required to evaluate the evidence in the light most favorable to the non-moving party and any reasonable inferences deduced from the evidence must be drawn in the non-moving party’s favor.
 
 Id.
 
 If there are conflicts in the evidence or if different reasonable inferences could be drawn from the evidence, then the issue is a factual one that should be decided by the jury and not by the trial court.
 
 Id.
 

 In the instant case, the evidence was hotly disputed. However, taking the evidence in the light most favorable to the plaintiffs, the following facts supported a finding of a causal relationship between the defendants’ alleged negligence and the crash:
 

 1. The trailer was in generally poor condition. There were holes in the floor and some of the wood slats were warped and/or rotted.
 

 2. The defendants had knowledge of the trailer’s poor condition.
 

 
 *431
 
 B. Joseph Trucking had utilized various pieces of wood that were inconsistent with the wood typically used on flat-bed trailers when attempting to effect repairs.
 

 4. Joseph Trucking was unable to produce any records relating to the maintenance and/or repair of the trailer.
 

 5. On the day of the crash, the concrete pieces had been properly strapped and secured.
 

 6. Benitez was an experienced tractor-trailer driver and had a valid commercial driver’s license.
 

 7. Benitez was familiar with the road on which the crash occurred. The load was secure on the trailer at the time he negotiated the curve. He exited the curve at approximately ten to fifteen miles per hour when he felt an impact and heard a cracking-sound coming from the trailer bed. He looked through his rearview mirror and saw a concrete piece start to sink into the trailer and fall toward the driver’s side of the trailer. Immediately thereafter, the tractor-trailer flipped onto its left side.
 

 We conclude that the jury could reasonably find from the evidence that the trailer-bed was in poor condition as a result of the defendants’ negligent maintenance; that the concrete piece sank and shifted because the deteriorating trailer-bed’s wood slats had given way; and that the sudden shifting of this substantial amount of weight caused the tractor-trailer to flip onto its side.
 

 Furthermore, we reject the defendants’ argument that plaintiffs were required to present expert testimony on the causation issue. Expert testimony is only necessary to establish legal causation where the issue is beyond the common knowledge of laymen.
 
 Greene v. Flewelling,
 
 366 So.2d 777, 780 (Fla. 2d DCA 1978). It is not beyond the common knowledge of laymen that the deterioration of a trailer’s wooden bed will reduce its load-bearing capacity and that the sudden shifting of thousands of pounds of weight on a trailer bed could cause a tractor-trailer to flip over. Because the causation issue could properly be considered by the jury, it was error for the trial court to grant the defendants’ motion for directed verdict.
 
 [1]
 

 REVERSED AND REMANDED FOR REINSTATEMENT OF JURY VERDICT.
 

 SAWAYA and TORPY, JJ., concur.
 

 [1]
 

 . We also reject the defendants’ suggestion that Joseph Trucking had no legal duty to provide Benitez with a safe vehicle. By providing Benitez with the equipment to perform the contracted-for work, Joseph Trucking assumed a duty to exercise ordinary and reasonable care under the circumstances to supply equipment that would be reasonably safe and suitable.
 
 Noel v. M. Ecker & Co.,
 
 445 So.2d 1142, 1144 (Fla. 4th DCA 1984). Any knowledge on the part of Benitez concerning the vehicle's dangerous condition would go to the issue of comparative negligence.
 
 Id.; see also Dearing v. Reese,
 
 519 So.2d 761 (Fla. 1st DCA 1988).