[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14300

Non-Argument Calendar

_____

MARY SAL RODRIGUEZ,

Plaintiff-Appellant,

*versus*

WALMART STORES EAST, L.P.,
d.b.a. Walmart Supercenter #2484,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00474-SPC-NPM

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Mary Sal Rodriguez appeals the district court's entry of summary judgment in favor of Walmart Stores East, L.P., on her state-law negligence claim arising from her slip and fall in a Walmart store. She argues that the district court abused its discretion by excluding the testimony of one of her treating physicians on the ground that she failed to timely disclose the physician as an expert. After carefully reviewing the record and the parties' briefs, we affirm.

## I.

Rodriguez filed a complaint in Hendry County, Florida, alleging that she slipped and fell on a "dirty, wet, slippery substance" in the produce section of a Walmart store. Rodriguez claimed that Walmart was liable for the injuries she sustained in her fall because it negligently failed to maintain its premises and negligently failed to warn her of the substance on the floor.

Walmart removed the case to federal court. The district court ordered the parties to conduct a Rule 26(f) discovery conference and then file a Case Management Report and a Pretrial and Discovery Plan. The parties filed a Case Management Report setting proposed pretrial deadlines, including a deadline for the "Disclosure of Expert Reports." The parties also filed a Pretrial and

Discovery Plan, in which, under the heading "[e]xpert witness reports and depositions," they agreed that they would "fully comply with Rule 26(a)(2) on or before the deadline for their expert disclosures."

The assigned magistrate judge conducted a preliminary pretrial conference and issued a scheduling order. The scheduling order set new pretrial deadlines, including a deadline of March 31, 2021, for the plaintiff's "Disclosure of Expert Reports."

After the deadlines for the disclosure of expert reports and the close of discovery, Walmart moved for summary judgment. It argued, among other things, that Rodriguez had failed to present expert testimony in support of her claim that the alleged breach of its duties had caused her injuries. It asserted that Rodriguez had not disclosed any retained experts or provided a disclosure indicating that any of her treating physicians would testify to causation.

In response to Walmart's motion for summary judgment, Rodriguez produced an affidavit from one of her treating physicians, Dr. Robert Getter. Dr. Getter testified that he had examined Rodriguez in April 2018 and reviewed a February 2017 MRI of her spine. He opined that Rodriguez's lumbar spine injuries were "causally related" to her November 2016 slip and fall. Rodriguez also attached to her response a letter from Dr. Getter dated May 1, 2018, expressing the opinion that Rodriguez required surgical treatment for her persistent back pain, which was due to lumbar spine trauma sustained in the slip-and-fall accident.

Rodriguez argued that she was not required to disclose Dr. Getter by the deadline for disclosing expert reports because he was not a retained expert and was not required to produce a written report. She also argued that she had adequately disclosed Dr. Getter as a potential trial expert before the expert-report deadline by identifying his practice group as a source of relevant information and producing his treatment records and the May 2018 letter in discovery.

The district court granted Walmart's motion for summary judgment. It determined that Rodriguez was required to disclose Dr. Getter as a potential trial expert by the expert-report deadline, or at the latest, by the close of discovery. It also determined that Rodriguez's identification of Dr. Getter's practice and the production of his medical records and opinion letter were insufficient to meet the disclosure requirements for nonretained experts under Rule 26(a)(2)(C). After excluding Dr. Getter's proposed testimony, the court concluded that Walmart was entitled to summary judgment on Rodriguez's negligence claim because she lacked evidence to prove the element of causation.

Rodriguez filed a motion for reconsideration of the summary judgment order. She argued that the exclusion of Dr. Getter was an extreme sanction for failing to disclose him by the deadline for expert reports. She explained that she had understood the March 31, 2021 deadline to apply only to retained experts who, in contrast to treating physicians like Dr. Getter, were required to produce expert reports. Because Dr. Getter was not required to

produce an expert report, she believed that his disclosure was due 90 days before trial under Rule 26(a)(2)(D), and that the affidavit she filed in response to Walmart's summary judgment motion was therefore timely. The district court denied Rodriguez's motion for reconsideration, and this appeal followed.

## II.

We review the district court's summary judgment ruling de novo. *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1318 (11th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We review the district court's decision to exclude expert testimony for abuse of discretion. *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003). Under this standard, the district court enjoys "considerably more leeway than if we were reviewing the decision de novo." *Young v. City of Palm Bay*, 358 F.3d 859, 863 (11th Cir. 2004) (citation omitted). The court "has a range of options" available to it, and we will affirm its decision unless we determine that it "has made a clear error of judgment, or has applied the wrong legal standard." *Id.*; *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1104 (11th Cir. 2005) (citation omitted).

### III.

To succeed on her negligence claim under Florida law, Rodriguez was required to prove four elements: (1) a duty requiring Walmart to conform to a certain standard of conduct; (2) a breach of that duty by Walmart; (3) a causal connection between the breach and an injury to Rodriguez; and (4) loss or damage to Rodriguez. *See Clay Elec. Co–op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). Expert testimony is required to prove causation "where the issue is beyond the common knowledge of laymen." *Benitez v. Joseph Trucking, Inc.*, 68 So. 3d 428, 431 (Fla. Dist. Ct. App. 2011). Under Florida law, "[s]oft tissue injuries, such as lower back difficulties, are not readily observable, and hence are not susceptible to evaluation by lay persons." *Vero Beach Care Center v. Ricks*, 476 So. 2d 262, 264 n.1 (Fla. Dist. Ct. App. 1985).

Rodriguez does not contest the district court's determination that without Dr. Getter's testimony, she lacked evidence to establish the element of causation. Nor does she challenge the court's conclusion that if she lacked evidence of causation, Walmart was entitled to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (summary judgment is appropriate against a party who fails establish an essential element of her claim). She argues that the district court abused its discretion in excluding Dr. Getter's testimony because she was not required to disclose him by the expert-report deadline in the court's scheduling order. She also argues that even if she was required to disclose Dr. Getter by the March 2021 deadline for

expert reports, her responses to discovery identifying his practice group and producing his treatment record and causation letter constituted an adequate and timely disclosure. We reject both arguments.

Rule 26 of the Federal Rules of Civil Procedure requires each party to disclose the identity of any expert witness it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). Retained experts or employees of the party whose duties involve regularly giving expert testimony must produce a detailed written report at the time of disclosure. Fed. R. Civ. P. 26(a)(2)(B). For an expert who is not required to produce a written report, the party's disclosure must state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). These expert disclosures are due "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Absent a stipulation or a court order" setting a deadline, expert disclosures must be made at least 90 days before trial or, for rebuttal experts, within 30 days after the opposing party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(i)–(ii).

Here, Rodriguez was required to disclose Dr. Getter by the March 2021 deadline for the disclosure of expert reports or, at the very latest, before the June 2021 deadline for the completion of discovery. It's true that the court's scheduling order sets a deadline only for the disclosure of expert reports, and neither party disputes the district court's conclusion that Dr. Getter was a nonretained

expert who was not required to prepare a written report.  But the parties stipulated in their Pretrial and Discovery Plan that "[t]he parties shall fully comply with Rule 26(a)(2) on or before the deadline for their expert disclosures."  This means that by the deadline for the disclosure of expert reports—the only expert disclosure deadline in the scheduling order—Rodriguez was required to disclose her nonretained experts in compliance with Rule 26(a)(2)(C).

Even if the stipulation in the Pretrial and Discovery Plan were somehow superseded by the court's scheduling order as Rodriguez contends, the scheduling order also set a deadline of June 25, 2021 for the completion of all discovery by both parties. Discovery includes expert discovery.  As a general matter, a party who intends to call an expert witness at trial must disclose the expert during discovery so that the opposing party can serve relevant document requests and take the expert's deposition.  *See* *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1243–44 (11th Cir. 2021) (district court did not abuse its discretion by excluding expert who was not made available for deposition by the close of discovery); *see also* M.D. Fla. Civil Discovery Handbook § II(E)(1) ("hybrid" experts such as treating physicians are not required to produce a written report but "must still be disclosed and are subject to regular document and deposition discovery"). Rodriguez's supplemental Rule 26 disclosure—which identified Dr. Getter as a "hybrid witness" but did not otherwise disclose his expected testimony—was served on July 19, 2021, almost a month

21-14300                Opinion of the Court                9

after discovery closed.  Even if this disclosure could satisfy Rule 26(a)(2)(C), it came too late.

Rodriguez next argues that she disclosed Dr. Getter as a trial expert in response to Walmart's discovery, long before the expert-report deadline and the close of discovery.  Specifically, she stated in response to Walmart's requests for production that she might call any of her treating physicians at trial.  She produced Dr. Getter's treatment record and the letter containing his causation opinion along with her other medical records, and she identified Dr. Getter's practice group as one of her medical providers in her initial disclosures.

The district court did not abuse its discretion by concluding that these discovery responses failed to meet the disclosure requirements of Rule 26.  It is not enough to produce a stack of documents from which the opposing party could, with some effort, discern the identities and some of the opinions of numerous treating physicians who might be called at trial.  Rodriguez's responses did not even list Dr. Getter by name, much less identify him as a witness she might call at trial and provide the subject matter and summary of his expected testimony required by the rule.  *See* Fed. R. Civ. P. 26(a)(2)(C).

## IV.

The district court's decision to exclude Rodriguez's causation expert for failure to make a timely disclosure under Rule 26(a)(2)(C) was not a clear error in judgment, and Rodriguez does

not contend that the court applied the wrong legal standard.  We therefore affirm the court's evidentiary ruling.  *See Cook*, 402 F.3d at 1104.    And because Rodriguez could not succeed on her negligence claim without her expert's testimony, we also affirm the district court's entry of summary judgment in favor of Walmart. *See Celotex Corp.*, 477 U.S. at 322.

   **AFFIRMED.**